THE STATE v. BLUE, *Appellant.*

Division Two, November 20, 1896.

1. **Criminal Practice:** "REASONABLE DOUBT:" INSTRUCTION. An instruction on a criminal trial defining reasonable doubt as "a substantial doubt growing out of and consistent with the evidence" is erroneous as it deprives the accused of any reasonable doubt that might arise from the lack of evidence against him.

2. ————: BURGLARY AND LARCENY: RECENT POSSESSION OF STOLEN PROPERTY. Recent possession of any part of stolen property creates a presumption of the possessor's guilt and casts on him the burden of explaining his possession.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Edmonston & Cullen* for appellant.

(1)   The court's instruction defining reasonable doubt to be "a substantial doubt growing out of and consistent with the evidence," is erroneous, and as the defendant offered no evidence in this case is peculiarly hurtful and should be held reversible error.   The doubt may grow out of the evidence or the lack of evidence. The words "growing out of and consistent with the evidence" imply that the doubt must be such an one as is created or produced by proof.   The definition is too narrow and excludes all reasonable doubt that may arise from the lack or want of evidence.   The identical instruction has been condemned by this court in the first case cited below, and is contrary to a long line of approved precedents.   *State v. Bobbst*, 131 Mo. 328; *Densmore v. State*, 67 Ind. 306;   *State v. Nueslein*, 25 Mo. 111;   *State v. Wells*, 111 Mo. 533;   *State v. Turner*, 110 Mo. 197;   *State v. Robinson*, 117 Mo. 649;   *State v. Talmage*, 107 Mo. 349;   *State v. Owens*, 80 Mo. 73; *State v. Evans*, 55 Mo. 461.   (2) It was error to refuse defendant's instruction that there was no evidence in the case tending to show that he had possession of that part of the property found in the mine. (3) That part of the instruction on recent possession, which declares the defendant guilty "unless such possession is satisfactorily explained by the evidence consistent with his innocence" is erroneous in this, it throws upon defendant the burden of establishing his innocence to the satisfaction of the jury.   The defendant was entitled to an acquittal if his explanation was sufficient to raise a reasonable doubt.   There is a wide difference between proving a fact to the satisfaction of a jury, and introducing sufficient evidence to raise a reasonable doubt. *State v. Kirk Patrick*, 72 Iowa, 500, cases cited; *State v. Emerson*, 48 Iowa, 174; *State v. Manly*, 74 Iowa,

561; *Hall v. State*, 8 Ind. 439; *Hud v. State*, 25 Wis.
421. (4) The doctrine of the above cases is in line with
the general doctrine in Missouri.   It is error to require
self-defense or *alibi* to be established to the reasonable
satisfaction of the jury.   *State v. Wingo*, 66 Mo. 181;
*State v. Hill*, 69 Mo. 451;  *State v. Taylor*, 118 Mo. 153,
and authorities cited.

*R. F. Walker*, attorney general, and *J. G. Trimble*
for the state.

BURGESS, J.—The defendant, indicted in the cir-
cuit court of Audrain county in connection with one
Wilbur Washington, for burglary in the second degree
and larceny, was, on a separate trial awarded him,
convicted of burglary as charged, and his punishment
fixed at three years' imprisonment in the penitentiary.
Washington had prior to the trial of defendant, been
tried and acquitted.   The case is before us on defend-
ant's appeal.

The facts are about as follow:

On the twenty-third day of March, 1895, a build-
ing belonging to E. B. Norris in Mexico, Missouri, was
burglarized, and two pairs of pants, two vests, one coat
and four pairs of hose stolen therefrom.   Defendant
had been in the employ of Norris some time before the
burglary.   The building was entered through the door
which was fastened by a hook and staple, the staple
having been removed, and the door opened. Thereafter,
during the same month, a bundle of clothing wrapped
up in a coat was found in an abandoned coal shaft in
the outskirts of said city.   The person who found the
bundle did not disturb it, but notified the street com-
missioner, who together with himself and a policeman
went to the coal shaft about 4 o'clock the same evening
and got the bundle, which then contained two pairs of

hose, one pair of lady's drawers, one coat, one pair of pants and two vests.    Some days after the burglary defendant sold to Anna Gay a pair of pants and two pairs of hose which were identified by Norris and Mrs. Norris, as a portion of the property taken from the burglarized building and as their property.

Anna Gay testified that the defendant came to her with the pants and hose and stated that he wanted to sell them for Wilbur Washington, the person with whom he was jointly indicted; that he hunted up Washington and brought him to her house, and that she bought them from Wilbur and paid him the money; that the defendant first brought her the goods and went away and returned in about an hour with Washington, and that he left the goods at her house while he was gone after Washington.    It also appeared that witness Gay was the aunt of the defendant.

1.    An instruction given by the court defining reasonable doubt to be "a substantial doubt growing out of and consistent with the evidence" is criticised by defendant on the ground that it is misleading, and too narrow, and excluded all reasonable doubt that might have arisen from the lack or want of evidence.

There seems to be much force in this contention. The instruction is not only misleading, but manifestly erroneous, in that it deprived defendant of the benefit of any reasonable doubt as to his guilt that might have arisen from the insufficiency of the evidence or upon a full and fair review of all the evidence in the case.    It is upon this theory that such an instruction is justified, and not upon the idea of the doubt of defendant's guilt growing out of and being consistent with the evidence. His guilt must not only grow *out* of the evidence as it were, but it must appear therefrom beyond a reasonable doubt, and unless it was so shown he was entitled to an acquittal.    It will not do to say that defendant's

innocence must appear from and be consistent with the evidence; by this, the burden was cast upon him, while it devolved upon the state to show his guilt beyond a reasonable doubt.   If there was a substantial doubt of defendant's guilt arising from the insufficiency of the evidence he was entitled to an acquittal, and the court should have so instructed.

2.   There was no error in refusing defendant's instruction to the effect that there was no evidence tending to show that he ever had possession of the property found in the mine.   The evidence did not warrant such an instruction.   On the contrary it tended strongly to show that he committed both the burglary and larceny. Besides, the court properly instructed the jury, that the recent possession of any *part* of the stolen property raised a presumption of defendant's guilt, and it devolved upon him to explain such possession.   It was shown beyond any question that recently after the burglary and larceny defendant was in the actual possession of a part of the property, which clearly justified the instruction.

3.   The instructions  except as herein indicated seem to be free from objection, and covered every phase of the case, but for that error the judgment must be reversed and the cause remanded.   It is so ordered.   All of this division concur.