THE STATE v. LESLIE D. SMITH, Appellant.—56 S. W. (2d) 39.

Division Two, December 31, 1932.

*Irwin & Bushman* and *C. A. Barnes* for appellant.

*Stratton Shartel*, Attorney-General, and *Walter E. Sloat*, Assistant Attorney-General, for respondent.

WHITE, P. J.—Information in two counts was filed in the Circuit Court of Callaway County, the first count charging defendant and Jack Wright with transportation of corn whisky, and the second charging that while in charge of a certain Lincoln automobile in which intoxicating liquors were being carried they carried three loaded automatic pistols.

Leslie Smith applied for and was granted a severance. On May 29, 1931, the State dismissed as to the first count and defendant was found guilty on the second count, and his punishment assessed at imprisonment for five years in the penitentiary. Thereafter a motion for new trial was sustained and the prosecutor filed an amended information. A change of venue was awarded to Audrain County where a jury found defendant guilty and assessed his punishment at two years in the penitentiary. From the judgment following that verdict he appealed.

The evidence offered by the State tends to show that the Sheriff of Callaway County, J. C. Owen, on or about April 10, 1931, received information that a Lincoln coupe bearing a Texas license had come into the city of Fulton and contained moonshine whisky. The sheriff and his deputy found such a car parked on Sixth Street, Fulton, and in the car were Jack Wright and a young woman, Sue Holt. He arrested them. Immediately a search warrant was obtained and automobile searched. They found five gallons of alcohol and eight flasks of whisky concealed in the car; also, three automatic pistols, two of them loaded. The defendant Leslie Smith was not in or near the car at the time. The officers soon found him and he attempted to escape. They chased him and finally put him under arrest.

There was considerable evidence to show that during the afternoon the defendant had been in the coupe behind the steering wheel. Jack Wright, his codefendant, testified for the State that he and the defendant had an interest in the whisky found in the car; that when they came into Fulton the defendant, Leslie D. Smith, was driving the car. The State produced in evidence the certificate of ownership of this particular Lincoln coupe issued to L. D. Smith. It was also shown

by the State that the defendant's mother later brought replevin suit against the officer for possession of the car. All this evidence in relation to the ownership was objected to by the defendant. The defendant did not testify.

■ I. Appellant asserts that Section 4517, Revised Statutes 1929, under which he was convicted, is unconstitutional. The section, enacted in 1923, Acts of 1923, page 236, declares it is a felony for any person while in charge of or a passenger on any automobile or other conveyance upon which intoxicating liquor is carried, to carry "on his person or in, or about" the vehicle any firearms. The appellant claims that it is in violation of Section 28, Article IV of the Constitution; that the title to the act contains more than one subject, and that the offense of carrying firearms is not clearly expressed in the title. For convenience in analyzing this title we number its clauses and separate them into paragraphs 1, 2, 3 and 4, as follows:

(1) ".An ACT to provide for the exercise of police powers of the state, by and through prohibiting the manufacture, possession, transportation, sale and disposition of intoxicating liquors;"

(2) "defining soft drink bars; providing for the granting of permits to duly licensed and reputable physicians to prescribe ethyl alcohol and wine for medical purposes; the issuance of permits to registered pharmacists or druggists to fill such prescriptions;"

(3) "prohibiting the possession and use of machinery and equipment for the distilling, or brewing or fermentation of ethyl alcohol or wine;"

(4) *"providing for the issuance and service of search warrants and other methods of enforcing the law of this act and other laws of this state pertaining to intoxicating* liquors, and prescribing penalties for violation of this act, and all other laws of this state pertaining to the manufacture, possession, transportation, sale and disposition of intoxicating liquors 'and providing for· the issuance and service of search warrants by judges of courts of record having jurisdiction in criminal cases, and by the justices of the peace' and providing penalties for violation."

The first clause states that under the State police powers the act prohibits, among other things, the *transportation* of intoxicating liquors. If that general statement were all of the title it would be sufficient to include the provisions of Section 4517 against carrying firearms while carrying intoxicating liquors. It could not successfully be contended otherwise because in the transportation of liquor as an illegal act any method by which that transportation was furthered, any instrumentality by which the act could be defended and

carried out would be germane to the general subject of transportation.

Clause (2) of the title is a proviso under which certain intoxicating liquors for medical purposes may be dealt in. It defines an exception to the general scope and purposes of the act.

Clause (3) should come second. It relates to prohibiting the possession and use of machinery for the manufacture of certain intoxicating liquors. It further defines a form or variation of the offense—the manufacture of liquor. It particularizes the means of manufacture and is germane to the general subject, further defining the general scope of the law against any dealing whatever with intoxicating liquor.

Clause (4) does not define any further forms of offense against the law. It merely provides for methods of enforcing the law, by the issuance of search warrants and other methods to that end. Necessarily the methods of enforcing the law against the transportation or possession of intoxicating liquors is germane to the subject. It does not create new offenses or new variations of the same offense just described. Thus nothing in the title is double or offends against Section 28, Article IV.

The appellant cites Niedermeyer v. Hackman, 292 Mo. l. c. 32, where it is said that if the title to an act descends to particulars the general provisions in the title of the act must be interpreted as limited by those particulars. Nothing of that kind occurs in the title here. The exception permitting physicians to prescribe liquor for a certain purpose certainly does not particularize the acts forbidden. The possession and use of machinery for the purpose of distilling liquor, forbidden in the third clause of the title, particularizes the matter of manufacture. It does not descend to particulars in defining the method of *transportation*.

Then we come to clause (4). Enforcement of the law is germane to the subject and would properly come within the same act. It was said by this court in State v. Ward, 328 Mo. 658, 40 S. W. (2d) 1074, 1077:

". . . if a proviso of an act of the General Assembly fairly relates to the general subject and purpose of the act, if it has a natural connection with this purpose, and is an incident or means of accomplishing the purpose, and if the purpose is sufficiently expressed in the title, the act including the proviso is valid under the Constitution, Section 28, Article 4."

That expression was quoted and approved in Thomas v. Buchanan County, 51 S. W. (2d) l. c. 97. In the latter case the incidents and means of accomplishment of the general purpose of the act were held to be of a character not different from those expressed in the title of the Prohibition Act.

This clause does not qualify, particularize, nor in any manner describe any offense that comes within the scope of the first clause. Certainly providing methods of enforcing the law does not particularize forms of offense against the law.

The State argues that the clause providing for the issuance and service of search warrants "and other methods of enforcing the law of this act," covers the offense defined in Section 4517. That is incorrect. The provision does not create an offense nor define any feature of the offense covered in clause (1). It merely provides methods of enforcement and cannot enlarge, limit or modify any offense defined.

The title of the Act of 1923 is of the same effect it would have if the first clause stood alone. The remaining three clauses do not limit, particularize nor affect the general scope of the first clause.

■ II. The appellant makes the point that the information is insufficient because it does not negative the proviso in Section 4481 by alleging that the liquor was not being transported for personal use. The defendant is not charged with transportation of liquor under Section 4481. If he were it would not be necessary to negative the proviso. Where an exception to the operation of a statute is not descriptive of an offense, but appears in a proviso as a separate statement it is not necessary to negative that exception. [State v. Brown, 306 Mo. 1. c. 536, 267 S. W. 864.] There is also a similar proviso in Section 4517 under which the offense was charged. The same rule would apply to that though the point is not the same.

Appellant also asserts that the information is defective because it fails to charge that the liquor was transported for sale. It was not necessary to charge that the liquor was for sale. It is charged that in the automobile intoxicating liquor was being carried in violation of the laws of the State of Missouri. The charge is in the language of the statute.

III. It is claimed by appellant that his demurrers to the evidence should have been sustained. The evidence mentioned above is entirely sufficient to make out a submissible case.

■ IV. Appellant complains of Instruction 2 given at the instance of the State in relation to reasonable doubt, which instruction concludes in this way: "But such a doubt to authorize an acquittal on that ground alone should be a substantial doubt of guilt arising from the evidence in the case and not a mere possibility of innocence." The objection is to the use of the words "arising from the evidence in the case." That same question often has been before this court

and ruled against that objection. The direction that doubt must be substantial, formed in careful consideration of all the facts and circumstances in the case was approved. [State v. Lyle, 296 Mo. 1. c. 437, 246 S. W. 883.] The requirement that it must be a "substantial doubt founded on the evidence" was held proper. [State v. Temple, 194 Mo. 1. c. 249, 92 S. W. 494.] An instruction requiring the reasonable doubt "to arise from a consideration of all the evidence in the case" was held to be without error. [State v. Christian, 253 Mo. 1. c. 397, 161 S. W. 736.] Like ruling appeared in State v. Maupin, 196 Mo. 174, 93 S. W. 379. We held such a definition of reasonable doubt was proper in the latest case considering the subject, State v. Barker, 322 Mo. 1173, 18 S. W. (2d) 1. c. 21, citing State v. Judge, 315 Mo. 1. c. 163, 285 S. W. 718, where a substantial doubt was defined as "one fairly arising from the evidence as a whole."

The appellant relies for this point upon a ruling in State v. Blue, 136 Mo. 41, 37 S. W. 796, where the instruction disapproved required "the doubt to be *consistent* with the evidence." That case was distinguished by this court in State v. Temple, supra. The doubt might be "consistent" with the evidence for the defendant and not consistent with evidence for the State. It is not required to be consistent with *all* the evidence, which is often contradictory, though it could be consistent with the evidence as a whole. The ambiguous expression used in the Blue case ought not to be in the instruction. The instruction as given in this case has no such fault.

██ V. Appellant objects to Instruction 4, given at the instance of the State. The objection mentioned in the appellant's brief is that "it assumes facts not placed in evidence." This particular objection is not mentioned in the appellant's motion for new trial. The instruction required the jury to find beyond a reasonable doubt every fact descriptive of the offense prohibited in Section 4517 in that

"Leslie D. Smith did unlawfully and feloniously have charge of a *certain automobile* and knowingly carried in and about said automobile any quantity of intoxicating liquor, and also knowingly have in and about said automobile at the same time, one or more automatic pistols loaded with gunpowder and leaden balls."

There was ample evidence upon which to base it.

It is claimed that the use of the words "certain automobile" assumes the existence of an automobile in which the jury were required to find that liquor was transported and the firearms found. It hardly bears that construction. The jury was required to find that defendant had in charge a certain automobile. If the words had been "an automobile" the objection would have had no force. "A certain automobile" does not assume any particular automobile, except that one

was mentioned in the evidence, the existence of which the jury were required to find, as well as that it was in the defendant's charge. Besides the existence and the presence of the automobile was in effect conceded all through the trial.

And it is claimed that the instruction failed to require a finding that the liquors were being transported by the defendant or that the defendant carried one or more automatic loaded pistols or that the pistols were loaded firearms, named in Section 4517, all of which are answered by that part of the instruction quoted above. It complies with the statute as to what it is necessary to find.

VI. It is asserted that the certificate of title to the automobile made to the defendant was not properly authenticated; that it was secondary evidence. It was an official document under the seal of the State. We think it was competent. But the title to the automobile in which the liquor was carried was immaterial. It was necessary to prove only that the defendant was in a car either as the driver or a passenger in which was being carried liquor and that the defendant carried on his person, or in the automobile, firearms. The testimony showed that the firearms were in the car while it was being driven by him. It did not matter who owned the car.

VII. Error is assigned to the remarks of the prosecuting attorney in his closing argument. The defendant in impeachment of the State's witness, Jack Wright, had introduced the testimony of Jack Wright given at another trial in Callaway County at which time Jack had denied the facts upon which the State relied to make out a case—the same facts which he testified to in this later trial. The prosecutor in referring to that former testimony, said:

"It is an insult to your intelligence to think that you men would believe what this young man, Jack Wright, told on the witness stand in, Callaway County in the circuit court at the other trial; the other jury didn't believe it and you are not going to believe it."

The court sustained defendant's objection.

The statement by the prosecutor that "the other jury didn't believe it and you are not going to believe it" was improper. There seems to have been no evidence as to how Jack's case terminated at that time. Defendant's counsel, interrupting, then said that he (Wright) pleaded guilty "over there," and he asked that the State's attorney be reprimanded. The prosecutor then said: "I withdraw that statement." The record recites "the judge remarked: 'The court reprimanded him by stating that it was an improper statement and the jury should not consider that statement at all.'"

Defendant's counsel asked no additional reprimand, thereby conceding the reprimand was sufficient. He moved that the jury be discharged and the court overruled the motion.

There was no prejudice to the defendant which would justify a discharge of the jury. The statement of the prosecutor was nullified by his withdrawal and by the reprimand and the direction of the court.

The prosecutor then went on to say that the defendant lived at Calwood and that Wright lived in St. Louis, and "Jack Wright comes from St. Louis and was in the same business down there," apparently indicating that they were in the bootleg business.

Defendant's counsel objected and the court sustained the objection saying there was no evidence of that. No ruling was asked by the defendant upon that incident. We find no error in that particular.

The prosecuting attorney, exhibiting a gun, said:

"You men know as I know that the most serious threat to our peace and public property right today is the gangster."

The remark was improper. The defendant objected. The court directed the prosecutor to stay within the testimony. Nothing further was said; no ruling was asked by the defendant: nothing upon which to predicate an error.

VIII. Defendant assigns several alleged errors in his motion for new trial which are not pressed in his brief here. We have carefully examined them and find no error in any matter complained of, nor do we find the assignments of sufficient importance to deserve further consideration.

The judgment is affirmed. All concur.