ROLAND H. KIDDER *vs*. OAKLEY WHITNEY & another
(and a companion case [1]).

Worcester.    September 23, 1957. — November 6, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Agency*, What constitutes, Police officer.    *Police*.

Evidence did not warrant a finding that a special police officer appointed
by the selectmen of a town was a servant of the proprietor of a drive-in
theatre in directing traffic at the entrance to the theatre from a public
way, although the officer was paid for such services by the proprietor;
and the proprietor was not liable for personal injuries sustained in a
collision of vehicles at the entrance allegedly due to the officer's
negligence.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated
June 1, 1953.

The actions were tried before *Warner*, J.

*Jay W. Meade*, for the plaintiffs.

*James C. Donnelly, Jr.*, for the defendants.

RONAN, J.    These are two actions of tort to recover
damages sustained by the plaintiffs when the motor cycle
upon which they were riding collided with an automobile
on Route 2 in Orange near the entrance of the defendants'
theatre.    The plaintiffs excepted to the direction of verdicts
for the defendants at the close of the evidence.

The defendants conducted an open air theatre on the
northerly side of Route 2 which was reached over a private
way for a short distance from this public highway.    At or
near the junction of this private way and the public way
one Riddell, a private police officer, directed traffic into and
from the drive-in theatre.    He was on duty the night of
June 19, 1952.    He noticed an automobile called the Laffond
automobile, on the right or southerly side of Route 2 ap-

---

[1] The companion case is by Alvin H. Mallette against the same defendants.

parently waiting an opportunity to enter the theatre driveway. Riddell stopped traffic going west and then motioned the operator of the Laffond automobile to enter the theatre driveway. As this automobile was proceeding across Route 2 the motorcycle appeared beyond the automobile going west and the Laffond automobile and the motorcycle came into collision. There was evidence that Riddell did not see the motorcycle until after it appeared beyond the automobile which was headed west and had been stopped as it reached the junction of the theatre way and Route 2. There was conflicting evidence as to the exact location of the Laffond automobile. There was evidence that there was ample space for the motorcycle to pass in the rear of this automobile.[1]

Riddell was a special police officer. The defendants had no voice in his selection. He was appointed by the selectmen on April 15, 1952. He was not under civil service. The town lent him a few pieces of equipment. He procured his own uniform. He was paid for services by the defendants. Whatever instruction he received in directing traffic was given to him by the chief of police, who observed him each week to see how he was performing or had some officer do it. As far as the record goes Riddell never received any instruction or directions concerning traffic from the defendants. They left that to his judgment and discretion. He sometimes sold tickets but that was not his job and on such occasions he was evidently helping out.

The principal issue in this case is whether or not Riddell was the servant of the defendants in directing traffic at the time of the accident.

The general rule is that in the absence of a statute where the officer is acting in the performance of his public duties — see *Dixon* v. *New England Railroad,* 179 Mass. 242; *Burnham* v. *Collateral Loan Co.* 179 Mass. 268; *Horgan* v. *Boston Elevated Railway,* 208 Mass. 287; *Armstrong* v. *Stair,*

---

[1] The declarations contained counts based on negligence of Riddell as a servant of the defendants "in the control and direction of said flow of traffic." — REPORTER.

217 Mass. 534 — or where the defendant does no more than narrate the material facts to the officer and leave him to decide what he will do — see *Witham* v. *Gregory & Read Co.* 243 Mass. 595; *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228; *Perras* v. *Hi-Hat, Inc.* 326 Mass. 78 — the defendant is not liable for the action of the officer. The act of Riddell in stopping traffic on Route 2 and in signalling the Laffond automobile to enter the driveway was a part of his public duties. The case differs from *Cowan* v. *Eastern Racing Association, Inc.* 330 Mass. 135, and similar decisions where the misconduct of the police officer resulted from the orders given by a representative of the defendant.

None of the plaintiffs' exceptions to rulings on evidence has been briefed or argued. They are treated as waived.

*Exceptions overruled.*