Eduardo CARMELO, Appellant,

v.

Delbert MILLER, Jr., Clifton W. Gates, Howard F. Ettings, Vincent G. Rogers, A. J. Cervantes, as members of the Board of Police Commissioners of the City of St. Louis, Missouri, and Ronald Strothman, Barry Awalt, George McDonagh, and St. Louis National Baseball Club, Inc., a corporation, Respondents.

No. 38706.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 18, 1978.

Goldstein, Tessler, Brown & Geigerman, Steve K. Brown, Clayton, for appellant.

Jack L. Koehr, City Counselor, John J. Fitzgibbon, Associate City Counselor, St. Louis, for Delbert Miller, Jr., et al.

Roberts, Heneghan & Coffelt, Inc., Jay G. Newquist, St. Louis, for Ball team.

ALDEN A. STOCKARD, Special Judge.

Plaintiff sought actual and punitive damages for assault and battery and false imprisonment. The trial court directed a verdict in favor of all defendants, and plaintiff has appealed.

On the night of August 4, 1971, plaintiff attended a baseball game at the Busch Memorial Stadium. During the latter part of the game defendants Awalt, Strothman and McDonagh, members of the St. Louis Police Force who had "secondary employment" by the St. Louis National Baseball Club (hereafter Baseball Cardinals) as security guards, received information that someone was displaying a gun at one of the concession stands. The information included the description of two men who were involved in the incident. One was a Mexican wearing a red shirt and black pants, and the other was a black male wearing gold colored pants. The officers did not find anyone at or near the concession stand fitting either of these descriptions, but the game had ended and two of the officers left the

stadium to look for persons meeting the descriptions. In a nearby parking lot they observed appellant, who was a Mexican and was wearing a red shirt and black pants, and his companion, who was black and was wearing gold colored pants. Appellant and his companion were stopped and searched, but neither had a gun and none was found in the area. Appellant was placed under arrest and was taken to the 4th District Police Station but no charges were filed against him.

Appellant testified that at the time the police stopped him in the parking lot he was beaten and kicked and sustained injuries requiring medical treatment. This was denied by the three officers.

We will first consider appellant's claim against the Baseball Cardinals.

The three police officers as members of the St. Louis Metropolitan Police Department were "on duty" 24 hours a day. During their "secondary employment" by the Baseball Cardinals they did not lose their status as police officers. Officer Strothman went to the concession stand when it was reported to him by an usher that a person there was displaying a gun, and he there met officers Awalt and McDonagh. When he and Officer McDonagh left the stadium Officer Awalt remained in the area in an attempt to locate witnesses. However, the game had ended and the area was a "mass of confusion" with people trying to leave the stadium so he remained at the concession stand only a few minutes. He then "checked out" himself and the other two officers from their duties with the Baseball Cardinals and joined officers Strothman and McDonagh at the parking lot where they had stopped appellant and his companion.

Plaintiff charged the Baseball Cardinals with vicarious liability as the employer of the three police officers. A private employer is not immune from liability for the negligent or wanton acts of an employee performed within the scope of his duties for the reason that the employee has an official status as a police officer. *Neallus v. Hutchinson Amusement Co.*, 126 Me.

469, 139 A. 671 (1927); *Leach v. Penn-Mar Merchants Association, Inc.*, 18 Md.App. 603, 308 A.2d 446 (1973); 53 Am.Jur.2d Master and Servant § 416; 57 C.J.S. Master & Servant § 565; Annotation, 55 A.L.R. 1197. However, where the employee occupies a dual status, that is, as an employee and also as a police officer, in the absence of a statute, where the employer does no more than relate the material facts to the officer and leaves to him the decision as to what he should do as a police officer, the employer is not liable for the acts of the police officer. *Kidder v. Whitley*, 336 Mass. 307, 145 N.E.2d 684 (1957).

In this case the information that someone was displaying a gun, and presumably also the information as to the description of the persons involved, was furnished by an usher at the stadium, an employee of the Baseball Cardinals, but that is all he did. Before any contact was made with appellant all three officers "checked out." There is no evidence that the Baseball Cardinals through any agent gave any instructions to the police officers, and there is no evidence that any improper conduct, which if it occurred was outside the stadium and on a public street, was done at the insistence, direction or request of any agent of the Baseball Cardinals. Under these circumstances the trial court properly directed a verdict in favor of the Baseball Cardinals.

We turn now to appellant's claim against those named persons alleged to constitute the Board of Police Commissioners of the City of St. Louis. There is no claim against the named persons as individuals, but only as a Board. The specific basis for the claim is that the Board "failed to adequately train, supervise, command and control" the three named individual police officers and were thereby "derelict in their duty to provide [appellant] with adequate, safe and just police protection."

There is no evidence that the named individuals were members of the Board of Police Commissioners. But assuming that a failure to perform the duties of their public office would create the alleged cause of

action in plaintiff, there is no evidence that the Board failed to train, supervise and control the police officers. In addition, the Board of Police Commissioners of the City of St. Louis is created by statute of the State of Missouri, § 84.020 RSMo 1969, and the members, except one acting *ex officio*, are appointed by the Governor subject to Senate confirmation. The operation and maintenance of a police force for the City of St. Louis is a governmental function. *Hinds v. City of Hannibal*, 212 S.W.2d 401 (Mo.1948). Plaintiff's claim against the Board of Police Commissioners is based on the negligent or wrongful performance of a governmental function, and is a tort action to which the doctrine of sovereign immunity applies whether the Board be considered a municipal agency, *Hinds v. City of Hannibal*, supra, or a state agency, *Western Robidoux Printing & Lithographing Co., Inc. v. Missouri State Highway Commission*, 498 S.W.2d 745 (Mo.1973). The trial court properly directed a verdict for the individuals named as members of the Board of Police Commissioners.

■ At the conclusion of the evidence on the part of plaintiff, motions for a directed verdict were filed on behalf of all defendants. A conference between the court and counsel was held at which the court indicated that it was going to sustain the motions as to the Baseball Cardinals and the individuals named as members of the Board of Police Commissioners. When the court reconvened it apparently believed it advisable to inform the jury why the case was not going to be submitted to them for decision, and it made a rather lengthy explanation as to why it was directing a verdict in favor of the Baseball Cardinals and the Board of Police Commissioners. The court then made this statement:

"I told the plaintiff's attorney that so far as the individual police officers were concerned—what they did or what they did not do—would be submitted to the jury to determine whether they acted rightly or wrongly, the individual police officers. The Court was going to submit that issue to you for your decision. The plaintiff's attorney informed the Court that I might just as well dismiss the case against everybody, he did not want the case submitted against three officers alone. That's why you do not see the plaintiff or his attorney here in Court. I said, 'If that's the way you want it that's the way it will be.' "

The record shows that after the above statement was made and before the court instructed the jury that its verdict should be in favor of all defendants, plaintiff's counsel entered the courtroom, but no objection was made that the instruction included the three police officers as well as the other defendants, and no request was made that even though the court was directing a verdict in favor of the Baseball Cardinals and the Board of Police Commissioners, that the case against the three police officers should be submitted to the jury.

From the above it is clear that plaintiff indicated that he did not want the case submitted to the jury as to only the three police officers, and we have ruled that the trial court correctly directed a verdict as to the other defendants. In these unusual circumstances we conclude that the directed verdict as to the three police officers was entered with the acquiesce and consent of plaintiff if the directed verdict was proper as to the other defendants, which it was. Plaintiff cannot now contend that the court erred in not submitting the case to the jury as to the three police officers alone.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.