Linda BEST, Appellant,

v.

Mayor Vincent SCHOEMEHL, Thomas Purcell, Homer Sayad, Charles Valier and Robert Wintersmith, et al., Respondents.

No. 46026.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 24, 1983.

Theodore H. Hoffman, St. Louis, for appellant.

Edward M. Peek, Associate City Counselor, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff appeals from the granting of defendants' motion to dismiss her damage suit for injuries sustained in a vehicular collision.

The scope of review on a motion to dismiss requires that we examine the pleadings allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to plaintiff. *Porter v. Crawford & Co.*, 611 S.W.2d 265, 266 (Mo.App.1980). Plaintiff

filed her second amended petition naming as defendants Mayor Vincent Schoemehl, Thomas Purcell, Homer Sayad, Charles Valier, and Robert Wintersmith, as members of the Board of Police Commissioners, Dr. Edward Eyerman, and the City of St. Louis. In her petition, plaintiff alleges that Schoemehl, Purcell, Sayad, Valier and Wintersmith were the "individuals comprising the Board of Police Commissioners for the Metropolitan Police Department of the City of St. Louis." Plaintiff further alleges that a police vehicle, operated by an unknown employee of the Board of Police Commissioners in the course of his employment, ran a red light at a high, excessive and dangerous speed at the intersection of Grand and Lafayette in the City of St. Louis; that Dr. Edward Eyerman had to "abruptly stop" to avoid colliding with the police vehicle and as a "direct result of the negligence and carelessness of defendants, plaintiff's vehicle ... [collided] with the vehicle operated by defendant Dr. Edward Eyerman." Plaintiff further alleged that the police vehicle failed to have an audible signal or have a lighted lamp displayed in violation of § 304.022, RSMo.[1]

The City of St. Louis filed a motion to dismiss, which was granted. The defendants comprising the Board of Police Commissioners filed a motion to dismiss alleging that "[t]he individual members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department are public officers and as such are immune from liability for acts of individual policemen." The court granted the motion and subsequently declared that order final for purposes of appeal pursuant to Rule 81.06. We have jurisdiction. *Spires v. Edgar*, 513 S.W.2d 372 (Mo. banc 1974).

Plaintiff alleges the trial court erred in dismissing her petition. Defendants assert the trial court acted correctly "because the doctrine of respondeat superior is inapplicable ... for holding a public officer vicariously liable for the act of a subordinate

---

1. Section 304.022, RSMo.Supp.1982 requires the driver of a police vehicle to sound an audible warning and have a visible light when he exceeds the speed limit. *Oberkramer v. City of Ellisville*, 650 S.W.2d 286 (Mo.App.E.D.1983).

employee"; that is, the Police Board members cannot be held individually liable for the acts of their employees. In support of their contention, defendants cite *Jackson v. Wilson,* 581 S.W.2d 39 (Mo.App.1979); *Rennie v. Belleview School District,* 521 S.W.2d 423 (Mo. banc 1975); and *Carmelo v. Miller,* 569 S.W.2d 365 (Mo.App.1978). We do not find these cases helpful because we think defendants have mischaracterized plaintiff's petition. Viewing plaintiff's allegations as true and indulging all inferences in plaintiff's favor, we conclude plaintiff's petition is an action against the St. Louis Board of Police Commissioners as an entity to hold it liable under the doctrine of respondeat superior for the negligence of its employee and not an action against the board members individually.

█ It has long been established that the St. Louis Board of Police Commissioners may only be sued by bringing an action against the individual members of the Board in their official capacity. An action against the "St. Louis Board of Police Commissioners" in that name alone does not lie. *American Fire Alarm Co. v. Board of Police Commissioners,* 285 Mo. 581, 227 S.W. 114 (Mo.1920).

Here, the individuals comprising the Board of Police Commissioners have been named as defendants in their official capacity. This is not an attempt to hold the Commissioners individually liable, but is the only method to properly bring the St. Louis Board of Police Commissioners before the Court.

█ While sovereign immunity attaches to the operation and maintenance of a police force, *Carmelo v. Miller,* 569 S.W.2d 365, 368 (Mo.App.1978), by virtue of § 537.-600(1), which provides that sovereign immu-

nity of a public entity is waived in suits for "injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment", it is now settled that a governmental employer is liable under the doctrine of respondeat superior for the negligence of its employee in the operation of a motor vehicle. *State ex rel. Shannon County v. Chilton,* 626 S.W.2d 426, 428 (Mo.App.1981); *Oberkramer v. City of Ellisville,* 650 S.W.2d 286 (Mo.App.E.D.1983). In *Oberkramer,* this court expressly held that a municipality may be liable in tort under the doctrine of respondeat superior for the negligent operation of a motor vehicle by one of its police officers performed within the course of his employment.

The St. Louis Board of Police Commissioners was created by the Missouri Legislature (Act of March 27, 1861, 1861 Mo.Laws 446) and presently governs the St. Louis police force under sections 84.010 to 84.340, RSMo.1978. *State of Missouri ex rel. Homer E. Sayad v. Zych,* 642 S.W.2d 907 (Mo. banc 1982). The St. Louis Board of Police Commissioners is a public entity for purposes of § 537.600 and, as such, it may be liable under the doctrine of respondeat superior for the negligent acts of its employees arising out of the operation of a motor vehicle.

Since oral argument in this cause, the Supreme Court has decided the case of *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983), in which the Court held that sovereign immunity is waived only as provided in subsections (1) and (2)[2] of § 537.600 and then only to the extent § 537.610[3], RSMo. 1978, applies.

**2.** This subsection waives sovereign immunity for injuries caused by the condition of property.

**3.** Section 537.610.1 provides:
The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state ... may purchase liability insurance for tort claims made against the state or the political subdivision .... Sovereign im-

munity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by· such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.

The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies. *Burke v. City of St. Louis,* 349 S.W.2d 930 (Mo.1961). *See Davis v. City of St. Louis,* 612 S.W.2d 812, 814 (Mo.App.1981). Plaintiff has pleaded facts bringing herself within the exception contained in § 537.600(1), but has failed to plead facts establishing that the condition stated in § 537.610 applies.

While the trial court dismissed this petition on an improper ground, we have concluded that in light of *Bartley,* plaintiff has failed to state a cause of action. We reverse and remand to give plaintiff an opportunity to amend her petition to conform to *Bartley.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

CRANDALL, P.J., and CRIST, J., concur.