Robert TALLEY and Karen Talley, Eve Smith and Lynn Dempsey and Irene Dempsey, Plaintiffs-Respondents,

v.

MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION and Bob Hutton, Defendants-Appellants.

No. WD 33429.

Missouri Court of Appeals, Western District.

Aug. 23, 1983.

Bruce A. Ring, Earl H. Schrader, Jr., Darold W. Jenkins, Kansas City, for defendants-appellants.

Andrew S. Carroll, Edgar S. Carroll, Warrensburg, for plaintiffs-respondents.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

On December 29, 1980, maintenance employees of the Missouri Highway and Transportation Commission (Commission) dug a ditch across an access road between state Route 58 and a service station. The workers put up no signs or barricades to warn motorists of the existence of this ditch.

On December 30, 1980, between 6:30 p.m. and 7:00 p.m., plaintiffs Robert Talley, Eve Smith and Lynn Dempsey exited Route 58 onto the access road. Each drove his or her automobile into the newly excavated ditch. The three vehicles were damaged. In addition, Karen Talley, wife of Robert Talley, and Irene Dempsey, wife of Lynn Dempsey, passengers in the cars driven by their husbands, sustained injuries.

At approximately 7:00 p.m., the service station manager called the Commission's maintenance supervisor to inform him of what was happening. The supervisor came to the site and installed two reflector signs in the ditch.

After a bench trial, the trial court entered total judgment for the plaintiffs of $2,675.61, which included amounts for personal injuries and property damage.

In their petition, the plaintiffs sought relief from the Commission under exception (2), of Section 537.600,[1] alleging "[t]hat said

---

1. Section 537.600 RSMo.1978 reads in its entirety:

Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees

unmarked, unlighted, unbarricaded ditch and excavation constitute a dangerous condition and an unreasonable risk of harm to the traveling public about which plaintiff had no notice or knowledge."

Since oral argument the Supreme Court has decided *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983), Motion for Rehearing denied May 31, 1983.

This court is constrained by *Bartley,* a decision of Missouri's high court which holds the procurement of liability insurance by the public entity is a requirement for the waiver by it of sovereign immunity.

Although *Best v. Schoemehl,* 652 S.W.2d 740 (Mo.App.1983), decided by the Missouri Court of Appeals, Eastern District on May 24, 1983 applies to subsection one (motor vehicles) of Section 537.600, the assessment and application of *Bartley* to this case is well stated by Judge Reinhard. On page 742 the *Best* court says *Bartley* holds sovereign immunity is waived only as provided by subsections (1) and (2) of Section 537.600, "and then only to the extent Section 537.-610,[2] RSMo.1978, applies":

> "The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies. *Burke v. City of St. Louis,* 349 S.W.2d 930 (Mo.1961). *See Davis v. City of St. Louis,* 612 S.W.2d 812, 814 (Mo.App.1981).

Plaintiff has pleaded facts bringing herself within the exception contained in Section 537.600(1), but has failed to plead facts establishing that the condition stated in Section 537.610 applies."

*Best* at page 743.

In *Newson v. City of Kansas City,* 606 S.W.2d 487 (Mo.App.1980), the plaintiff brought a negligence action against the city, the fire department and a municipal employee. The petition, however, failed to plead the effect of Section 71.185 RSMo. 1978. Under Section 71.185, the acquisition of liability insurance by a municipality against injury from the tortious exercise of governmental function operates to waive sovereign immunity to the extent of the coverage. The city's motion to dismiss the petition was sustained. On appeal, the plaintiff argued this court was bound to accord judicial notice to Section 71.185 as an element of the claim whether or not formally pleaded. The court disagreed, noting that the exercise of the doctrine of judicial notice does not formulate a theory of recovery for a pleader. The opinion specifically noted, the petition, ". . . without other averment of waiver of nonliability as by the purchase of liability insurance was not actionable." *Id.* at 490.

The *coup de grace* on this point is delivered at page 8 of the slip opinion of *Bartley,* ". . . a finding that the two exceptions to immunity in Section 537.600 exist regardless of insurance would repeal Section 71.-185 by implication—a disfavored result."

---

arising out of the operation of motor vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

2. Section 537.610.1 provides:

The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state . . . may purchase liability insurance for tort claims made against the state or the political subdivision . . . . Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.

Since the plaintiffs did not plead nor prove that the Commission had procured liability insurance in this cause, a burden placed on them by *Bartley,* this cause must be remanded to allow the plaintiffs to plead the existence of applicable insurance and then for an evidentiary hearing in the trial court where they must prove the Commission had insurance. *Cf. State ex rel. Allen v. Barker,* 581 S.W.2d 818, 825 (Mo. banc 1979). The Commission has proclaimed the fact it has never purchased liability insurance. The upshot of *Bartley* is that the plaintiffs here, and any persons sustaining injury because of the negligence of the Missouri Highway and Transportation Commission, are doomed to failure in any suit for recovery under sovereign immunity. If indeed the plaintiffs cannot show insurance covering the public entity for this action they cannot recover.

Therefore this cause is remanded to the trial court to allow plaintiffs 20 days to amend their pleadings for the sole purpose to claim applicable liability insurance. The issues of damages and negligence (except insurance) have already been decided in favor of plaintiffs and are no longer involved as part of this appeal. If the pleading is accordingly amended the trial court shall report that fact to this court and this appeal will be dismissed and the cause will be remanded for further proceedings in accordance with this opinion. Alternatively, if insurance is not pleaded the court shall report that fact to this court within 30 days from the date hereof and the judgment will be reversed.