Margaret Ann **PRITCHETT**, Plaintiff,

v.

Scott **CLIFTON**, et al., Defendant.

**Civ. A. No. 77–3055–CV–S.**

United States District Court,
W.D. Missouri, S.D.

Jan. 20, 1984.

Donald E. Bonacker, Springfield, Mo., for plaintiff.

Arthur Curtis, Springfield, Mo., for defendant Scott Clifton.

Theodore L. Johnson, III, Springfield, Mo., Sam P. Rynearson, St. Louis, Mo., for defendant The Missouri Insurance Association.

## MEMORANDUM OPINION

COLLINSON, Senior District Judge.

The chronology of this matter is most important. The plaintiff suffered horrible injuries in a collision between two speed boats on Tablerock Lake on the night of August 7, 1971, the night before her 18th birthday.

The plaintiff filed a suit against the defendants, Scott Clifton, the operator of the other boat, Kimberling Cove, Inc., Recreation Unlimited, Inc., and Charles J. Dando in this Court for her injuries.

At the same time, the plaintiff's parents brought a suit against the same parties for the medical expenses incurred by them for their daughter's injuries and for the property damage to the speed boat she was driving, which they owned.

Prior to this accident, on February 1, 1971, Consolidated Underwriters issued a liability policy to Kimberling Cove, Inc. with limits of liability of $150,000 for bodily injury per person. On May 1, 1972, Medallion Insurance Company assumed all of Consolidated Underwriter's liabilities and obligations on its policies and Consolidated Underwriters ceased the transaction of business. On September 12, 1975, Medallion Insurance Company was declared insolvent and placed into receivership by decree of the Circuit Court of Jackson County, Missouri.

Prior to the trial of Margaret Ann Pritchett's case, the plaintiff dismissed as to the defendant Scott Clifton. At that trial she was awarded $400,000 against one of the corporate defendants, but on appeal, the Court of Appeals found that the corporate defendants were engaged in a joint enterprise and awarded the judgment against both corporate defendants. *Pritchett v. Kimberling Cove, Inc.*, 568 F.2d 570 (8th Cir.1977).

Plaintiff's parents were awarded a judgment for $25,783 for medical expenses they had expended for their daughter and also $2900 for the property damage arising from the collision.

The above three judgments and accrued interest were partially satisfied on August 24, 1979, by a payment made by Fidelity and Casualty Company of New York on behalf of the corporate defendants. Mar-

garet Ann Pritchett received $166,089.71 and her parents received $3500.34 from this payment.

General Reinsurance Corporation had reinsured Medallion Insurance Company in the amount of $150,000 which sum was due and owing after the final judgment recovered by Margaret Ann Pritchett. The receiver for Medallion Insurance Company sued General Reinsurance Corporation for that amount and Margaret Ann Pritchett and her parents intervened in that suit, claiming the $150,000. On September 3, 1982, the district court entered judgment in favor of the receiver, against the Pritchetts and ordered the entire sum paid to the receiver. The Pritchetts appealed this decision to the United States Court of Appeals of this circuit which affirmed the district court's opinion in an unpublished opinion in the case of *Ainsworth v. Pritchett*, 716 F.2d 908 (1983). Meanwhile, on March 24, 1976, this plaintiff had filed proof of claim with the receiver for Medallion Insurance Company as a claimant under the Consolidated Underwriters' policy. The Missouri Guaranty Association notified the receiver for Medallion Insurance Company that it did not consider this claim because the injury occurred prior to September 28, 1971, the effective date of the Missouri Insurance Guarantee Act.

Plaintiff filed this suit against Scott Clifton on February 1, 1977, and on February 10, 1981, added the Missouri Insurance Guarantee Association as a defendant.

The trial of this suit has been delayed at the request of the parties until all of the above matters were determined and this case was tried in August 1983.

The Missouri Insurance Guarantee Act (Section 375.785, V.A.M.S.) was adopted by the Missouri Legislature in 1971, and became effective September 28, 1971. Similar statutes have been adopted in other states and it encompasses a plan by which all companies which sell liability insurance in Missouri pay assessments to the association, which is a quasi-public corporation, and under certain conditions, the association pays a limited amount to accident victims who cannot recover judgments because the liability carrier of the defendant has become insolvent. The purpose is to partly ameliorate the social harm which results from the insolvency of insurance carriers under these circumstances.

The principal issue in this case is whether the plaintiff is entitled to recover from the association for an accident which occurred prior to the effective date of the Act but the insurance company goes into receivership after the effective date of this Act and before the plaintiff has recovered a final judgment. The Association argues that to make it liable would be to apply the Act retroactively in all cases in which the accident occurred prior to the effective date of the Act. This Court does not believe such construction would constitute retroactivity. The triggering act which creates liability of the Association is the insolvency of the insurance carrier, not the accident. The insurance carrier in this case was declared insolvent and placed in receivership almost four years after the effective date of the Act and creation of the Association. There are no Missouri appellate cases on this point. The Honorable James A. Moore, Circuit Judge in the Circuit Court of Jackson County, Missouri, wrote a brief opinion in the case of *Martin v. Pretty Man*, No. 776,759 Civil Docket B, holding the Association liable for an accident which occurred before the effective date of the Act in another Medallion Insurance Company case. He relied upon three state cases interpreting similar statutes in those states. Those cases are *Louisiana Insurance Guaranty Association v. Guglielmo*, 276 So.2d 720 (La.App.1973); *Mississippi Insurance Guaranty Association v. Gandy*, 289 So.2d 677 (Miss.1974), and *Tennessee Insurance Guaranty Association v. Pack*, 517 S.W.2d 526 (Tenn.1974). This Court concludes that those opinions and that of Judge Moore are the better reasoned and most logical opinions under these circumstances and that the Appeals Courts of Missouri would follow them, and for that reason the defendant Missouri Guaranty Association is liable to the plain-

tiff, if plaintiff's claim is a covered claim under the statute.

The Court finds that this is a covered claim and makes the following findings of fact in that regard: (1) it is unpaid and is not for unearned premium; (2) Scott Clifton was insured under the omnibus clause of the Consolidated Underwriters' policy; (3) Consolidated Underwriters and its successor Medallion were neither determined to be insolvent before September 28, 1971; (4) Scott Clifton was a resident of Missouri at the time of the collision; (5) Consolidated Underwriters was a licensed insurance company in Missouri on September 28, 1971; (6) plaintiff's claim existed on the date of the insolvency decree. The Court finds that plaintiff has no claims against her own insurer providing insurance in the event of an insurance company insolvency.

The Court further finds that Scott Clifton was a joint tort-feasor and liable to the plaintiff for her injuries in this accident. Under the statute, the damages for which the Association is liable cannot exceed $49,900 and are limited to those damages for medical expenses and "any amounts lost or to be lost by reason of claimant's inability to work and earn wages or salary or their equivalent." As set out above, plaintiff's medical expenses were paid by, and reimbursement was claimed by, her parents for which a judgment was entered. In this case therefore the damages to which she is entitled are limited to her loss of future earnings. Scott Clifton is liable as a joint tort-feasor. The other joint tort-feasors have paid $166,089.71 to this plaintiff on the $400,000 judgment entered against them in that case. Although the law is not clear on this point, this Court will assume that if her loss of future earnings did not exceed that sum which she has already received that this Association would not be liable on the claim against Scott Clifton.

This Court finds that the amount of lost earnings to which plaintiff is entitled exceeds this sum by far more than $50,000. The evidence and exhibits in this case show that the plaintiff was a very attractive, vivacious, and athletic eighteen-year old girl who made average grades in high school and who was gifted with an extraordinary singing voice. She was taking voice lessons from a professional singing coach before the accident. This coach testified quite persuasively that she had an excellent future as a professional singer at the very least in regional opera and perhaps even higher and that she could reasonably anticipate earnings in excess of $30,000 a year.

The plaintiff's parents were quite prosperous people and she could have had the advantage of any higher education she chose after high school. She received severe, disabling and disfiguring injuries in the accident. She lost one eye and one-half of her face is permanently paralyzed. She received brain injuries which were so serious that her ability to learn and remember was so seriously impaired that she was unable to finish her last year in high school. At the trial of this case, it was obvious that she is quite seriously retarded mentally. At this time she is working as a nurse's aide in a rest home earning minimum wages, and it is apparent that she will never be capable of earning more than minimum wages.

This accident occurred the day before her eighteenth birthday and a most conservative estimate would be that she would have an expectancy of forty-five years of productive work for her lifetime. Completely ignoring the strong possibility of a professional singing career, this Court finds that she could have earned in excess of $150 per week more than minimum wages for the balance of her working life. This would be a loss of future earnings of $451,000 against which the Court will assume the entire sum she has already received should be credited. Since the balance owed, for which the insured is liable, exceeds $50,000 the Court finds that defendant Missouri Insurance Guaranty Association is liable to the plaintiff for the sum of $49,900 and directs the Clerk to enter judgment in this amount and the costs of this action on Count II of the complaint. Since, under the statute, the entry of judgment absolves

the insured, the Clerk shall enter a judgment against the plaintiff and in favor of the defendant Scott Clifton on Count I of the complaint. No costs to be taxed on this Count.