**John ORLANDO and Alice Orlando, Plaintiffs–Appellants,**

v.

**ST. LOUIS COUNTY, Defendant–Respondent.**

**No. 52611.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 24, 1987.

---

**394**

Terrance L. Farris, Clayton, for plaintiffs-appellants.

Evans & Dixon, Gerre S. Langton, Adrian P. Sulser, Kortenhof & Ely, Kenneth Martin Lander, St. Louis, for defendant-respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, John and Alice Orlando, appeal from the order of the trial court granting summary judgment in favor of respondent, St. Louis County, in this action for damages sustained when appellant Alice Orlando fell on a sidewalk maintained by respondent. On appeal, appellants argue the trial court erred in holding that respondent was not liable by reason of sovereign immunity. Finding appellants' contention to be without merit, we affirm.

The evidence reveals that in June 1984 appellant Alice Orlando fell on a sidewalk maintained by respondent. Appellants filed suit against respondent in February 1985, alleging personal injury and loss of consortium. Respondent motioned for summary judgment in August 1986, based on the fact that its insurer, Transit Casualty Company, had been declared insolvent in December 1985. Respondent maintained in its motion that, since it did not possess liability insurance for the property in question, it was immune from appellants' action under the doctrine of sovereign immunity. RSMo § 537.610 (1978). After a hearing, the trial court issued an order granting respondent's motion. Appellants appeal from that order.

On appeal, this court interprets the record in the light most favorable to the party against whom summary judgment is rendered, and accords that party the benefit of every doubt. *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170 (Mo.App., E.D. 1986). Summary judgment is proper where the prevailing party shows by unassailable proof that he is entitled to that remedy as a matter of law, and that no genuine issue of material fact exists. *Id.*

■ Appellants allege respondent did not demonstrate that it was entitled to summary judgment as a matter of law. Specifically, appellants argue respondent was not protected by sovereign immunity because respondent had purchased insurance, which was in existence on the date of appellant Alice Orlando's injury, and because the obligations of respondent's insurer were assumed by the Missouri Insurance Guaranty Association.

In June 1984, when appellants' cause of action arose, RSMo § 537.600 (1978) waived sovereign immunity for claims arising from the dangerous condition of public property. However, RSMo § 537.610 (1978) qualified this waiver by conditioning it upon the presence of liability insurance to cover such claims. *Bartley v. Special School District,* 649 S.W.2d 864 (Mo. banc 1983);

*Kurz v. City of St. Louis,* 716 S.W.2d 911 (Mo.App., E.D.1986).

Respondent's purchase and possession of insurance at one point in time did not give rise to a perpetual waiver of its sovereign immunity. The underlying rationale of RSMo § 537.610 (1978), as well as the case law, compels the conclusion that respondent only waived its immunity from suit so long as its insurer was solvent and able to pay any claims brought against respondent. Statutory provisions which waive sovereign immunity must be strictly construed. *Bartley,* 649 S.W.2d at 868. "[W]aivers of sovereign immunity [are] conditioned upon the *presence* of liability insurance covering the claims." *Kurz,* 716 S.W.2d at 911 (emphasis added). The Missouri General Assembly, in enacting § 537.610, sought to "balance the need for protection of governmental funds against a desire to allow redress" for claimants injured in certain types of accidents. *Winston v. Reorganized School District R-2,* 636 S.W.2d 324, 328 (Mo. banc 1982). The legislature reasonably "fear[ed] that full monetary responsibility for *any and all* tort claims [would] entail the risk of insolvency or intolerable tax burdens." *Id.* Thus, the appropriate question is whether respondent currently possesses insurance to cover appellants' claim, not whether insurance was ever purchased. As respondent has shown that it has no insurance funds available to satisfy a judgment rendered against it in this litigation, respondent cannot be held liable to appellants. *Sanchez v. Missouri Division of Youth Services,* 672 S.W.2d 164, 165 (Mo.App., E.D.1984); *Talley v. Missouri Highway and Transportation Commission,* 659 S.W.2d 290, 292 (Mo.App., W.D.1983).

■ Appellants also contend that the existence of the Missouri Insurance Guaranty Association (Association) satisfies the insurance requirement of RSMo § 567.610 (1978). The Association encompasses a plan by which all companies which sell liability insurance in Missouri pay assessments to the Association, which then under certain conditions pays a limited amount to accident victims who are not able to recover judgments because their insurer becomes insolvent. *Pritchett v. Clifton,* 587 F.Supp. 644, 646 (W.D.Mo.1984). Its purpose is to partly ameliorate the harm which results when insurers, such as Transit Casualty Company, fall into insolvency. *Id.* However, the type of insurance contemplated in § 537.610 is either a *purchased* policy of insurance or a *self-insurance* plan. RSMo § 537.610.1 (1978). Respondent did not purchase insurance from the Association and the Association is not a self-insurance plan. The decision in *Pannell v. Missouri Insurance Guaranty Association,* 595 S.W.2d 339, 352 (Mo.App., W.D.1980) recognizes that the Association is not an insurer as that term is commonly understood. For, the court states, "[T]he statutory nature and genesis of the association augur against the conclusion that the association is engaged in transacting or doing the 'business' of insurance." *Id.* *See also Miller v. White,* 731 S.W.2d 885, 886 (Mo.App., E.D.1987) (The State Legal Expense Fund, RSMo § 105.711 (1986), does not satisfy the insurance requirement of § 537.610.)

Lastly, we note appellants did not join the Association in this action and, therefore, the issue of its potential liability is not before us.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.