**Steven Howard LEE, Plaintiff–Appellant,**

v.

**MISSOURI DEPT. OF NATURAL RESOURCES, DIV. OF PARKS AND RECREATION, Defendant–Respondent.**

**No. 53166.**

Missouri Court of Appeals, Eastern District, Division One.

March 15, 1988.

Michael L. Maynard, Flat River, for plaintiff-appellant.

Robert M. Lindholm, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from a trial court order granting defendant's motion for summary judgment. We affirm.

On November 16, 1984, plaintiff filed suit against the Missouri Department of Natural Resources, Division of Parks and Recreation, and the division's director seeking damages for personal injuries he sustained in a motorcycle accident that occurred on February 20, 1983, in St. Joseph State Park in St. Francois County. Defendant Department of Natural Resources filed a motion for summary judgment contending that plaintiff was barred from recovery against it because of the doctrine of sovereign immunity. The department's motion was accompanied by the following statement from the risk and insurance manager, Division of General Services, Office of Administration:

On the date February 20, 1983, there was no insurance in effect naming as insured or covered party any such state agency, particularly Natural Resources and Parks, and insuring against the liability of the state agency for injury resulting from a dangerous condition of the agency's real property.

Plaintiff responded to the department's motion and, after argument, the trial court granted the motion and designated its judgment as a final order for purposes of appeal.

On appeal, plaintiff alleges the trial court "improperly applied *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983) retroactively when interpreting §§ 537.600 and 537.610, RSMo 1978."[1]

In *Bartley,* the supreme court held that a public entity could waive sovereign immunity only "in the two areas provided by § 537.600, and then only to the extent that the public entity acquires insurance for such purpose." 649 S.W.2d at 870. Missouri courts have consistently applied *Bartley* retroactively. *See e.g., Anderson v. State,* 709 S.W.2d 893, 895–96 (Mo.App. 1986); *Brown v. Greene County,* 677 S.W. 2d 432, 434–35 (Mo.App.1984); *Talley v. Missouri Highway and Transportation Commission,* 659 S.W.2d 290, 290-91 (Mo. App.1983); *Best v. Schoemehl,* 652 S.W.2d 740, 742-43 (Mo.App.1983). Moreover, our reading of *Bartley* indicates the supreme court intended for that opinion to govern all cases arising after the effective date of §§ 537.600 and 537.610, RSMo 1978, and not prospectively from the date of the opinion. In *Bartley,* the court stated "[t]he negligence alleged in this case occurred . . .

after the enactment of §§ 537.600 and 537.-610. Thus, those statutes become the cynosure of this appeal." 649 S.W.2d at 865–66. Elsewhere in *Bartley,* the court stated:

It is clear that prior to *Jones [Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977), in which the court abrogated the doctrine of sovereign immunity prospectively as to all claims arising on or after August 15, 1978], plaintiffs would have had no cause of action. It is equally evident that after the enactment of §§ 537.600 and .610 they are still destitute of any cause of action under these facts, for, after all, the General Assembly's enactment only waived sovereign immunity as provided in subsections (1) and (2) of § 537.600 and then only to the extent the public entity has purchased liability insurance for such purposes.

649 S.W.2d at 868. The trial judge properly followed the law in granting summary judgment because *Bartley* correctly stated the law as of the date this cause of action

---

1. Section 537.600, RSMo 1978, provided:

Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff established that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Section 537.610, RSMO 1978, provided in pertinent part:

1. The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state, notwithstanding any other provision of law, may purchase liability insurance for tort claims made against the state or the political subdivision, but the maximum amount of such coverage shall not exceed eight hundred thousand dollars for all claims arising out of a single occurrence and shall not exceed one hundred thousand dollars for any one person in a single accident or occurrence, except for those claims governed by the provisions of the Missouri workmen's compensation law, chapter 287, RSMo, and no amount in excess of the above limits shall be awarded or settled upon. Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.

 

arose. Plaintiff cites no cases to the contrary.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.