767 F.Supp. 197 (1991)
Robert Anthony CRIGLER, Plaintiff,
v.
CITY OF ST. LOUIS, MISSOURI, et al., Defendants.
No. 90-1778C(6).
United States District Court, E.D. Missouri, E.D.
July 15, 1991.
*198 Ernest L. Keathley, Jr., and Oliver R. Farrell, St. Louis, Mo., for plaintiff.
Nancy Kistler, Asst. City Counselor, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendant, the City of St. Louis, for summary judgment. In this action filed pursuant to 42 U.S.C. § 1983 plaintiff alleges that he was beaten by two police officers. Plaintiff has named the City as a defendant alleging that the police officers acted pursuant to an official policy of the City, that the City "ordered, directed, approved and condoned" the officers conduct and that the officers were employees and agents of the City.
Plaintiff also named the Board of Police Commissioners of the Metropolitan Police Department and two unidentified police officers, John Doe and Richard Roe, as defendants. Although the Court dismissed the Board of Police Commissioners as a defendant on January 29, 1991, plaintiff did not seek until eve of trial leave to amend his complaint naming the individual board members in their official capacity as required by Missouri law. Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo.App.1983) The Court further notes that plaintiff never amended his complaint identifying the two unidentified police officers nor has plaintiff timely served such defendants pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. Accordingly, the Court will dismiss defendants John Doe and Richard Roe without prejudice.
The City now moves for summary judgment contending that plaintiff has failed to demonstrate material factual support for his allegation that the police officers acted pursuant to a policy or custom. The City further asserts that it neither employs nor has the authority to "order, direct, approve or condone" the activities of the individual police officers or the Board of Police Commissioners. In support of this assertion the City notes that Mo.Rev.Stat. § 84.010 prohibits it and its officers and agents from "imped[ing], obstruct[ing], hinder[ing] or interfer[ing] with the boards of police or any offices, or agent, or servant thereof or thereunder." Because plaintiff has not alleged that it departed from the prohibition set forth in Mo.Rev.Stat. § 84.010, the City contends that the police officers could not have acted pursuant to a policy or custom.
In response to the City's motion, plaintiff filed his motion for a court order dismissing without prejudice his cause of action against defendant City and for leave to file his first amended complaint joining the individual members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department in their official capacities. As previously noted, the Court dismissed the Board of Police Commissioners *199 as a defendant on January 29, 1991. In that order the Court specifically noted that according to Missouri law, the only method by which the Board can be sued is by suing the individual board members in their official capacity. Best v. Schoemehl, 652 S.W.2d at 742. By order dated February 13, 1991, this Court scheduled trial for July 15, 1991. The Court finds that plaintiff should have filed his motion for leave to file his first amended complaint naming the individual board members before the eve of trial. Plaintiff has been aware of the scheduled trial date since February 13, 1991 but failed to file an amended complaint naming the individual board members despite the Court's order dismissing the Board of Police Commissioners as a defendant. Accordingly, the Court will deny plaintiff's motion for a court order dismissing without prejudice defendant City of St. Louis, Missouri and for leave to file his first amended complaint.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); First Security Savings v. Kansas Bankers Surety Co., 849 F.2d 345, 349 (8th Cir. 1988); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the nonmoving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987); Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:
The inquiry performed is the threshold inquiry of determining whether there is the need for a trialwhether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Pursuant to the holding of the Eighth Circuit Court of Appeals in White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir.1990) (citation omitted), the Court concludes that plaintiff has failed to meet his burden of setting forth affirmative evidence and specific facts to establish that there is a genuine dispute. Hence, the entry of summary judgment for defendant is appropriate. The City has met its burden of identifying portions of the record which support its assertion that there is no genuine issue that the police officers acted pursuant to a policy or custom. Plaintiff has failed to come forward with any evidence indicating the existence of such an issue.
Applying this standard to the record before it, the Court concludes that the City is entitled to judgment as a matter of law. Plaintiff has failed to demonstrate that the City has official policymaking authority with respect to the actions of individual police officers to support a claim of municipal liability under 42 U.S.C. § 1983.
In answer to defendant's interrogatories provided in response to this Court's order of June 10, 1991, plaintiff states that the police officers acted pursuant to an official policy of the City to "instill fear of the white establishment" in its black inhabitants. The only evidence offered by plaintiff to demonstrate the existence of such a policy is the failure of the police report to identify the officers in connection with plaintiff's alleged beating.
Even if such evidence was sufficient to support plaintiff's contention that an official policy of racial discrimination exists, plaintiff would be unable to demonstrate the existence of a material factual dispute with respect to the City's liability, because the City has no direct control over the activities of the Board of Police Commissioners or its employees.
*200 "[M]unicipal liability under § 1983 attaches whereand only wherea deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 1299-1300, 89 L.Ed.2d 452 (1986). The identification of policymaking officials is a question of state law. City of St. Louis v. Praprotnik, 485 U.S. 112, 124, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988).
The division of authority between the City and the Board of Police Commissioners set forth in Mo.Rev.Stat. § 84.010 indicates that neither the City nor its agents possess the authority to make official policy concerning the actions of the Board of Police Commissioners or individual police officers. Therefore, the City cannot, as a matter of law, be liable under section 1983 as an official policy maker responsible for approving or condoning the actions of the police officers who allegedly beat the plaintiff. Id. Therefore, the Court concludes that the motion of the City of St. Louis for summary judgment on plaintiff's complaint should be granted.