Ronald **MILES**, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Respondent.

No. 35949.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 4, 1975.

Lawrence O. Willbrand, St. Louis, for appellant.

Kortenhof & Ely, Joel D. Monson, St. Louis, for respondent.

CLEMENS, Judge.

Plaintiff Ronald Miles sued his automobile insurer, defendant State Farm Mutual Automobile Insurance Company, under the uninsured-motor vehicle provisions of his policy. The trial court granted summary judgment against plaintiff and he appeals. We affirm.

Plaintiff pleaded he was injured in a one-car accident while a passenger in his own automobile, then being driven by his "uninsured" brother, who was "negligently operating an uninsured automobile."

Under the terms of the insurance policy defendant is obligated to pay plaintiff-insured the sums which the insured "shall be legally entitled to recover as damages from the owner or operator of an 'uninsured motor vehicle' . . . ." The policy defines "uninsured motor vehicle" as a vehicle to which there is "no bodily injury liability bond or liability insurance policy applicable at the time of accident . . . ." Conversely, the policy declares the term "uninsured motor vehicle" shall *not* include an "insured motor vehicle."

The issue is whether plaintiff is correct in contending his brother "was at the time of the collision operating an uninsured automobile." The policy language refutes this contention. Plaintiff's driver may have been an "uninsured motorist," but he was not driving an "uninsured motor vehicle." The fact the driver was uninsured does not permit the judicial finding that plaintiff's injuries were sustained due to operation of an "uninsured motor vehicle."

■■■ Contracting parties may provide for the insurance policy coverage they desire so long as the provisions do not violate public policy. State ex rel. City of St. Louis v. Public Service Commission of Mo., 331 Mo. 1098, 56 S.W.2d 39; 335 Mo. 448, 73 S.W.2d 393 [5] (Mo.1939), Webb v. State Farm Mutual Automobile Ins. Co., 479 S.W.2d 148 [1] (Mo.App.1972). Here, the policy's language is unambiguous and we need not look beyond it to explain it. Steinhaufel v. Reliance Insurance Compa-

nies, 495 S.W.2d 463 [1] (Mo.App.1973). Nor does the language contravene public policy as set by § 379.203, RSMo 1969, V. A.M.S., which requires liability policies to afford coverage to insureds who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.[1]

Plaintiff urges us to follow the Illinois case of Barnes v. Powell, 49 Ill.2d 449, 275 N.E.2d 377 (1971), which held under similar facts that an insured was entitled to benefits while riding as a passenger in his own insured vehicle. The *Barnes* court reasoned the Illinois legislature intended to protect insured persons from uninsured persons, and the court ignored the policy provision that an "uninsured automobile" did not include "an uninsured motorist." The dissent found, as do we, that statutory construction of uninsured *motor vehicle* to mean uninsured *motorist* was incorrect. Courts of two other states have reasoned as we do that the uninsured motor vehicle statute is designed to require liability insurers to protect their insureds only against injuries arising from collisions with *other vehicles* lacking liability coverage. Lammers v. State Farm Mutual Automobile Insurance Co., 48 Ala.App. 36, 261 So.2d 757 [1, 3] (1972); Holt v. State Farm Mutual Automobile Ins. Co., 486 S.W.2d 734 [5] (Tenn.1972). We find the *Lammers* and *Holt* reasoning persuasive.

Nothing in the insurance policy contravenes Missouri public policy. We are not persuaded the legislature intended other than what the statute explicitly provides.

Judgment affirmed.

DOWD, WEIER and RENDLEN, JJ., concur.

---

1. "No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.030, RSMo., for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles* because of bodily injury, sickness or disease, including death, resulting therefrom; . . . ." (Our emphasis).