Maxine BRANNON et al., Appellants,

v.

SECURITY MUTUAL CASUALTY COMPANY et al., Respondents.

No. 41976.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 25, 1980.

---

Sidney Fortus, Clayton, for appellants.

Evans & Dixon, Jeffry S. Thomsen, St. Louis, for respondents.

PUDLOWSKI, Judge.

This is an appeal from a summary judgment in a suit for damages brought under an uninsured motorist insurance clause. We affirm.

The record shows that on November 23, 1976, plaintiff, Maxine Brannon, sustained severe injury when the Volkswagon in which she was riding as a passenger collided with another automobile. The collision occurred at the intersection of South Outer Road and Elm Drive in Jefferson County, Missouri. The Volkswagon was owned by plaintiff's husband, E. S. Brannon, and was being driven by one Carol Fleming. The second automobile involved in the collision was driven by defendant Julia Breihan. It is undisputed that the Brannons resided in the same household.

At the time of the accident, there was in effect an insurance policy issued by defendant Security Mutual Casualty Company. This policy was issued to E. S. Brannon as the named insured on the 1971 Volkswagon in which his wife was riding as a passenger. The policy provided liability and uninsured motorist coverage. In Count I of her petition plaintiff sued defendant Breihan alleging that plaintiff's injuries were due to the negligence of both Briehan and Fleming. In Count II plaintiff also sued defendant Security Mutual. In Count III plaintiff's husband sued the insurance company for medical expenses. In both counts plaintiffs contend that Mrs. Brannon's injuries and expenses were due to the negligence of Fleming and that Fleming was a uninsured motorist. Therefore, in Counts II and III plaintiffs argued they were entitled to uninsured motorist benefits. Prior to trial defendant Security Mutual moved for summary judgment on Counts II and III which the trial court sustained. The trial court's order was designated as a final order for purposes of this appeal.

On appeal plaintiffs allege that the trial court erred in granting the summary judgment because, by the terms of the insurance policy they were entitled to uninsured motorist benefits. Alternatively, plaintiffs contend that they should recover as a matter of public policy irrespective of the insurance policy provisions.

Prior to oral argument both parties acknowledged that the Missouri Supreme Court recently accepted two cases from the Western District, the determination of which would effectively dispose of the instant appeal. These cases, *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137 (Mo.1980) and *Dairyland Insurance Co. v. Hogan*, 605 S.W.2d 798 (Mo.1980) having been decided, obligate us to hold that the trial court did not err in granting summary judgment because plaintiffs are neither entitled to the uninsured motorist benefits under the terms of the insurance policy nor as a matter of public policy.

*Harrison* is especially relevant to the instant appeal. That case is distinguishable on the facts in that it concerned a one vehicle accident. The accident in that case was due to the negligence of Venon Bush (driver) and resulted in his death and injury to his wife and daughter. Bush, his wife and daughter, all resided in the same household. The automobile insurance policy, in which Bush was the named insured, did not extend liability coverage for bodily injury to members of the household who were injured while riding with the named insured. The Supreme Court held that the provision of Bush's policy barred the automobile specifically insured by the policy from being deemed an "uninsured motor vehicle." Therefore, Bush's wife and daughter could not show that they were injured by an uninsured motor vehicle and were ineligible to recover damages under the uninsured motorist insurance provisions of the policy.

*Harrison* is of great value in disposing of the instant case because the insurance policies' provision involved are very similar. Further, here, as in *Harrison*, plaintiffs argue that they are entitled to uninsured motorist benefits due to the fact that the driver of the automobile in which plaintiff was riding was negligent and uninsured against liability for injuries and expenses. An examination of the provision of the "uninsured motorist insurance" section of Brannon's policy shows that the terms of the policy extend coverage only to persons injured by an "uninsured motor vehicle." Therefore, to recover damages under this section appellants must show that Carol Fleming was driving an "uninsured motor vehicle" within the meaning of that term as used in the policy. An "uninsured motor vehicle" is defined in the policy to exclude "an 'insured automobile' or an 'automobile furnished for the regular use of the named insured or for any person resident in the same household who is related to the named insured by blood, marriage or adoption'..." An "insured motor vehicle" is defined to mean "an 'owned automobile' while being used by or with permission of the named insured..." The named insured "includes the spouse, if a resident of the same household..." An "owned automobile" is "a private passenger ... automobile described in this policy..." By policy definition, then, the Brannon 1971 Volkswagon, as the "owned automobile" was being driven with the permission of the "named insured," plaintiff Mrs. Brannon. Thus it was not an "uninsured motor vehicle" rather it was an "insured automobile." Therefore, plaintiffs cannot demonstrate that Mrs. Brannon was injured by an "uninsured motor vehicle" and therefore are ineligible to recover damages under the "uninsured motorist insurance" section of the policy.

Plaintiffs' contention that public policy dictates that she should recover irrespective of the policy provisions is also without merit. *Harrison* holds that insurance "policy provisions barring the automobile specifically insured by the policy from being deemed an 'uninsured motor vehicle' were not contrary to public policy." *Harri-*

*son v. MFA Mutual Insurance Co. v. Hogan*, 607 S.W.2d 137 (Mo.1980).

The judgment of the trial court is affirmed.

GUNN, P. J., STEPHAN, J., and BLOOM, Special Judge, concur.