Elsie I. HOERATH, et al.,
Plaintiffs-Appellants,

v.

Kenneth E. McMAHAN, et al.,
Defendants-Respondents.

No. 47107.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

282

Fred Roth, St. Louis, for plaintiffs-appellants.

William B. England, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

The trial court granted defendant insurance companies, State Farm Mutual Insurance Company (State Farm) and MFA Mutual Insurance Company (MFA) summary judgment on plaintiffs' petition. The petition sought insurance coverage for injuries plaintiff Elsie Hoerath sustained in an automobile accident. Plaintiff Ernestine Hoerath, Elsie's mother, sought compensation for Elsie's medical expenses and loss of her services and wages.

Elsie was injured on October 23, 1977, while she was a passenger in a Pinto automobile owned by both plaintiffs. Elsie's friend, defendant Kenneth McMahan, was driving the Pinto.[1] The vehicle was insured by State Farm, whose policy included "uninsured motorist coverage" as required by § 379.203.1.[2] Ernestine was the name insured, and Elsie lived with her; they were both excluded from insured motorist coverage for their own bodily injuries by a "household exclusion" clause in the policy.[3] The validity of such a clause was recently reaffirmed by our Supreme Court in *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137, 139 (Mo. banc 1980), and is not at issue here.

Defendant MFA insured an automobile owned by McMahan's mother. She was the named insured, and, although by its terms the policy covered her spouse, if any, the coverage did not include the insured's minor son when, as here, he was driving a non-owned vehicle. There is no indication that Kenneth McMahan owned an automobile.

■ Plaintiffs first contend that the trial court erred in granting State Farm summary judgment in that plaintiffs were covered under the policy's provisions for the liability of the "driver of an uninsured motor vehicle," i.e. McMahan. According to plaintiffs, because they were excluded from coverage under the household exclusion and McMahan was not insured under

---

1. A second vehicle was involved in the collision. It was operated by defendant Sparks and insured by American Family Insurance Company. Separate counts against the drivers of both vehicles are not involved in this appeal. The trial court designated its judgments in favor of defendant insurance companies as final and appealable. Rule 81.06.

2. All statutory references are to RSMo 1978.

3. The clause reads as follows: "THERE IS NO COVERAGE FOR ANY *BODILY INJURY* TO ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD." (emphasis in original).

his mother's policy, their Pinto automobile was uninsured as to them, and they should have been allowed to recover under State Farm's uninsured motor vehicle provisions. The State Farm policy stated, however, that "[a]n uninsured motor vehicle does *not* include a land motor vehicle ... *insured under the coverage of this policy.*" (emphasis added). An almost identical provision was found valid and enforceable in *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d at 140, 148. Plaintiffs contend that the lack of coverage is contrary to the purpose of § 379.203.1, but this argument was refuted in *Harrison*. As was explained there, the purpose of that statute is to protect "persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles* ..." § 379.203.1 (emphasis added). The Pinto was an insured motor vehicle, and the policy met the mandate of § 379.203.1 by including uninsured motor vehicle coverage. As in *Harrison*, the household exclusion, combined with the fact that the insured vehicle could not also be an "uninsured motor vehicle" under the policy, prevented plaintiffs from recovering from their insurer.

Plaintiffs also claim, in the alternative, that MFA was improperly granted summary judgment because public policy requires McMahan's mother's MFA policy to cover her minor son. He is not insured under the language of the policy when driving a non-owned vehicle,[4] and there is no statute requiring such coverage. We are not authorized to rewrite the MFA policy to add an additional insured. *See Brake v. MFA Mutual Insurance Co.*, 525 S.W.2d 109, 112–13 (Mo.App.), *cert. denied*, 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 126 (1975); *Kisling v. MFA Mutual Insurance Co.*, 399 S.W.2d 245, 253 (Mo.App.1966).

Summary judgment for State Farm and MFA is affirmed.

REINHARD and CRANDALL, JJ., concur.

4. Had McMahon's mother, through her son, been "actually using" the non-owned vehicle the

MFA policy would have applied. This was not so here.