Charles McEWEN and Barbara McEwen, Plaintiffs-Appellants,

v.

Hardy MENEES and Automobile Club Inter-Insurance Exchange, Defendants-Respondents.

No. 48263.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1984.

Francis L. Ruppert, Clayton, for plaintiffs-appellants.

F. Douglas O'Leary, St. Louis, for Auto Club Inter-Insurance.

Eugene K. Buckley, St. Louis, for Hardy Menees, guardian ad litem.

PUDLOWSKI, Presiding Judge.

This appeal involves the construction of a "Family Automobile Policy" of insurance. The case was submitted to the trial court on the pleadings of the parties. On December 19, 1983, the trial court entered its judgment in favor of respondent, The Automobile Club Inter-Insurance Exchange. We affirm.

Appellants, Charles and Barbara McEwen are the parents of Thomas C. McEwen.

On May 22, 1982, Thomas McEwen was killed while a passenger in a 1967 Volkswagen which was owned by his father and operated by Dennis C. Keller, who was also killed in the same collision. A "Family Automobile Policy" of insurance issued by respondent was in effect on the day of the accident.

Appellants brought an action for damages for wrongful death against Keller and sought a declaratory judgment against respondent praying for a declaration that either (a) Keller was an "insured motorist" under appellants' automobile policy or alternatively that (b) Keller was an "uninsured motorist" under the same policy. The trial court granted respondent's Motion for Summary Judgment. This appeal follows.

Appellants argue that the trial court erred in declaring Dennis Keller was not an uninsured motorist as defined by the policy or alternatively, the clause in the policy excluding liability is violative of public policy as expressed in § 379.203 RSMo 1978.

The term "uninsured automobile" is defined in appellants' policy as follows:

... the term 'uninsured automobile' shall not include:

(1) an insured automobile ...

"insured automobile" means:

(a) an automobile described in the policy ...

The issue in this case is essentially the same as the one raised in *Harrison v. MFA Ins. Co.*, 607 S.W.2d 137 (Mo. banc 1980). In *Harrison*, the accident involved the policy owner-driver, his wife and stepdaughter. The wife and daughter sought coverage under the "uninsured motorist" clause. Defendant, MFA Insurance Company initially denied coverage under the policy's "household exclusion" clause. Our Supreme Court agreed and held there was no direct coverage under the liability sections of the policy because of the "household exclusion." *Id.* at 139.

The court then directed its attention to plaintiffs' alternative argument that they were covered under the "uninsured motor

vehicle" provision. The court concluded the provisions in the policy were unambiguous and barred the insured vehicle from being deemed an uninsured vehicle. Id. at 142. Further, the court held nothing in the uninsured motorist statute required a different result.

In our case, it is clear from the expressed written terms of the policy that Thomas McEwen was excluded from his parents' policy. The policy excluded from coverage, "... bodily injury to any assured or any member of the family of an assured residing in the same household as the assured." Additionally, the policy specifically excluded appellants' 1967 Volkswagen from coverage as an uninsured automobile. The fact that a policy has an exclusion which may make the uninsured motorist inapplicable in certain circumstances does not constitute any violation of the requirements of § 379.203. *Harrison.* See also, *Hoerath v. McMahan,* 669 S.W.2d 281 (Mo. App.1984).

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.