Alice HUSSMAN, Plaintiff–Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), Defendant–Respondent,

and

Robert HUSSMAN, Third–Party Plaintiff–Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), Defendant–Respondent.

No. 54779.

Missouri Court of Appeals, Eastern District, Division Two.

March 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1989.

Application to Transfer Denied May 16, 1989.

James E. Hullverson, James E. Hullverson, Jr., Gretchen Myers, St. Louis, for plaintiff-appellant.

Thomas J. Conway, Bert S. Braud, Kansas City, for defendant-respondent.

GARY M. GAERTNER, Judge.

Appellants, Alice and Robert Hussman, appeal an April 29, 1988, judgment by the Circuit Court of St. Louis County. Mr. Hussman argues on appeal that the trial court erred in granting summary judgment in favor of respondent, Government Employees Insurance Company (hereinafter referred to as GEICO), as to Mr. Hussman's third party claim for liability benefits in that, he alleges, GEICO's interfamilial liability exclusion was invalid. Mrs. Hussman asserts on appeal that the trial court erred in granting summary judgment in favor of GEICO as to Mrs. Hussman's claim for uninsured motorist coverage in that, she alleges, Mr. Hussman was an uninsured motorist. Finding appellants' contentions to be without merit, we affirm.

This action was submitted to the trial court without a jury on stipulated facts and exhibits. In pertinent part, the evidence reveals that Mr. and Mrs. Hussman were driving on Dixon Road in Kirkwood, Missouri; Mr. Hussman was the car's driver and Mrs. Hussman was riding as a passenger in the front right seat. Mr. Hussman approached the intersection of Dixon Road and East Adams; there was a stop sign for traffic on Dixon Road while East Adams had an uncontrolled right of way. As Mr. Hussman drove through the intersection he was hit by Andrew McCay who had been driving on East Adams. Both automobiles were insured.

When the accident occurred, interspousal immunity was in effect in Missouri. Mr. and Mrs. Hussman filed suit for damages against Mr. McCay, who counterclaimed for damages and asked for an apportionment of fault as to Mr. Hussman. Mr. Hussman sued GEICO for coverage and Mrs. Hussman sued for uninsured motorist benefits. On July 30, 1987, appellants' attorney, Mr. James E. Hullverson, Jr., both (1) withdrew as counsel for Mr. Hussman and (2) filed an amended petition naming GEICO as a defendant and Mr. Hussman as a defendant. Mr. Hussman, through his one time former attorney Mr. Hullverson, filed suit against GEICO, appellants' automobile insurer, in order to challenge GEICO's failure to provide coverage due to its "family exclusion clause." (This occurred after Missouri abolished interspousal immunity.)

GEICO motioned for summary judgment against Mrs. Hussman, as to her claim for uninsured motorist benefits contained in her petition against GEICO and Mr. Hussman, and for summary judgment against Mr. Hussman, as to his claim for coverage. Mrs. Hussman settled her claim with Mr. McCay. On April 29, 1988, the trial court rendered a final judgment in favor of Mrs. Hussman finding Mr. Hussman to be sixty percent at fault for the accident. The trial court also granted GEICO's motions for summary judgment.

At the outset,. this court takes cognizance of the standard for appellate review. We must interpret the record in the light most favorable to the party against whom summary judgment is rendered and accord that party the benefit of every doubt. *Orlando v. St. Louis County,* 740 S.W.2d 393, 394 (Mo.App., E.D.1987). Summary judgment is proper only when the prevailing party has shown that he is entitled to the remedy as a matter of law and that no genuine issue of material fact exists. *Id.* As the parties to the present action stipu-

lated to the facts, our inquiry is circumscribed to whether GEICO was entitled to summary judgment as a matter of law.

In the first point on appeal, Mr. Hussman claims the trial court erred in granting summary judgment in favor of GEICO on his third party claim for liability benefits. Specifically, he maintains that the "family exclusion clause" in his insurance contract with GEICO is void. The contract provides as follows: Liability coverage "does not apply [to] bodily injury to any insured." The policy defines an "insured" as including "you and your relatives." The word "relatives" is stated to "mean ... a person related to you who resides in your household." Mr. and Mrs. Hussman were husband and wife and lived in the same house. Appellant's argument is that the "household exclusion clause" at issue is void as against public policy in light of Missouri's abrogation of interspousal immunity. *See Townsend v. Townsend*, 708 S.W.2d 646 (Mo. banc 1986) (holding that wife, claiming intentional tort by husband when he allegedly shot her, was not barred by interspousal immunity doctrine from bringing a tort action against husband); and *S.A.V. v. K.G.V.*, 708 S.W.2d 651 (Mo. banc 1986) (holding that wife's negligence action against husband, in which she alleged that he negligently transmitted herpes praeputialis to her, was not barred by interspousal immunity doctrine).

■ Initially, we address appellant's contention that GEICO waived the "family exclusion clause", which was contained in the policy he held, as a defense when GEICO sent Mr. Hussman a letter denying coverage and allegedly did not set forth on what basis coverage was being denied. However, assuming *arguendo* that GEICO did not comply with the relevant Missouri statutes and regulations as to such letters, a coverage which is excluded from an insurance contract will not be found to include that exclusion upon the basis of waiver for failure to timely assert the defense. *State Farm Mutual Automobile Ins. Co. v. Hartford Accident & Indemnity Co.*, 646 S.W.2d 379, 381 (Mo.App., W.D.1983).

An insurer is not required to provide coverage where the effect would be that of providing coverage where none existed under the policy's terms. *Young v. Ray America, Inc.*, 673 S.W.2d 74, 80 (Mo.App., W.D.1984). *See also Brown v. State Farm Mutual Automobile Ins. Co.*, No. 53055, slip op. at 4–5, December 6, 1988, (Mo.App., E.D.). As this court finds the "family exclusion clause" to be valid, for the reasons hereinafter set forth, this argument must fail.

■ The main thrust of Mr. Hussman's contention in this point relied on is that the "family exclusion clause" is void. As previously stated, we cannot give our assent to this proposition. For, Missouri case law specifically addressed this issue when the court of appeals ruled that the abrogation of the interspousal immunity doctrine does not mandate that a "family exclusion clause" within an automobile insurance policy be declared void as against public policy. *Cameron Mutual Ins. Co. v. Proctor*, 758 S.W.2d 67, 70 (Mo.App., W.D.1988).[1] Missouri case law has consistently held that "family exclusion clauses" are valid. *See Harrison v. MFA Mutual Ins. Co.*, 607 S.W.2d 137, 139 (Mo. banc 1980) and *State Farm Mutual Automobile Ins. Co. v. Ward*, 340 S.W.2d 635, 639 (Mo.1960). The court in *Ward* reiterated the principle that a court will not read into an insurance contract, under the guise of public policy, coverage which is not required by law and which the parties clearly and plainly excluded. *Id.* The recent case of *Foster v. State Farm Mutual Automobile Ins. Co.*, 750 S.W.2d 494 (Mo.App., W.D.1988), decided after the abolition of interspousal immunity, follows long-established Missouri law that a "family exclusion clause" is valid. *Id.* at 496. This point is denied.

■ In the second point on appeal, Mrs. Hussman claims, assuming *arguendo* point one is denied, that the trial court erred in granting summary judgment in favor of GEICO on her claim that Mr. Hussman was an uninsured motorist. The facts, as stated previously, show that both vehicles involved in the collision were insured. As

1. The Missouri Supreme Court accepted transfer of the Western District's opinion in *Proctor*. The Supreme Court then ordered the Court of Appeals to readopt its original opinion after briefing and hearing oral argument.

well, the GEICO policy provided uninsured motorist protection but specifically excluded an insured automobile from being defined as an uninsured automobile. As with point one, this issue has been previously and unequivocally resolved. *See Harrison v. MFA Mutual Ins. Co.*, 607 S.W.2d 137, 140 (Mo. banc 1980). In *Harrison*, the court stated, "The provision of the policy that the term 'uninsured motor vehicle' shall not include an 'insured motor vehicle' does not contravene public policy" as set forth by RSMo § 379.203 (1986), which requires uninsured motorist coverage in insurance policies. *Id.* at 140. In *Harrison*, a mother and daughter who were injured in an automobile accident while father was driving, and which automobile's insurance coverage contained a "family exclusion clause," were precluded from claiming coverage under the uninsured motorist section of the policy. *Id.* at 139–140. *See also Brannon v. Security Mutual Casualty Co.*, 610 S.W.2d 315 (Mo.App., E.D.1980). This point is denied.

The judgment of the trial court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.