Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and it is granted.

## JUDGMENT

In accordance with the Court's memorandum and order filed herewith,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be entered in favor of plaintiff and against defendant, plaintiff's summary judgment motion having been granted.

IT IS FURTHER ORDERED that defendant shall comply, in all respects, with the decision of the Local Joint Adjustment Board.

IT IS FURTHER ORDERED that this matter be and it is remanded to the Local Joint Adjustment Board for a calculation of the amount of damages, including plaintiff's reasonable attorneys' fees and costs, due under said decision.

**Mary A. MARVIN, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. 88–2518C(1).

United States District Court,
E.D. Missouri. E.D.

Oct. 10, 1989.

Daniel K. Barklage, Barklage, Barklage, Schneider, Haywood, Ehlmann and Brett, P.C., St. Charles, Mo., for plaintiff.

Joseph M. Kortenhof, Kortenhof and Ely, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This matter is now before the Court on the parties' cross-motions for summary judgment. The following facts are undisputed:

On September 7, 1985, plaintiff Mary Marvin was driving her automobile when her vehicle was struck by another vehicle operated by one Kevin Mack ("Mack"). At the time of the accident, defendant State Farm Mutual Automobile Insurance Company ("State Farm") was plaintiff's automobile insurance carrier. Mack's automo-

bile was insured through Safeco Insurance Company ("Safeco") in a policy issued to Mack's father, James Mack. Because of Mack's driving record, however, the Safeco policy did not provide insurance in the event that Mack was driving the automobile. The policy provided the following exclusion: "no insurance is afforded under the policy to which this endorsement is attached with respect to any automobile owned, operated, used by, or in charge of Kevin J. Mack". Based upon this exclusion, Safeco denied liability coverage for the collision between plaintiff and Mack. Therefore, plaintiff sought compensation for her injuries under the uninsured motorist provision of her policy with State Farm. The State Farm policy provides:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*
>
> *Uninsured Motor Vehicle*—means:
>
> 1.  a land motor vehicle, the ownership, maintenance or use of which is:
>
>     a.  not insured or bonded for bodily injury liability at the time of the accident; or
>
>     b.  insured or bonded for bodily injury liability at the time of the accident; but
>
>     (1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged; or
>
>     (2) the insuring company denies coverage or is or becomes insolvent; or
>
> 2.  a "phantom vehicle" which is a land motor vehicle whose owner or driver remains unknown and causes *bodily injury* to the insured.
>
> An *uninsured motor vehicle* does not include a land motor vehicle:
>
> 1.  insured under the liability coverage of this policy;
>
> 2.  furnished for the regular use of *you, your spouse* or any *relative;*
>
> 3.  owned or operated by a self-insurer under any motor vehicle financial re-

sponsibility law, a motor carrier law or any similar law;

> 4.  owned by any government or any of its political subdivisions or agencies;
>
> 5.  designed for use mainly off public roads except while on public roads; or
>
> 6.  while located for use as premises.

(Emphasis in original.) State Farm denied coverage under the policy on the basis that Mack's vehicle was not an uninsured motor vehicle as defined in the State Farm policy. Plaintiff then filed the instant action seeking compensation from State Farm up to the limits of her policy.

The parties have filed motions for summary judgment regarding the issue of whether Mack's vehicle was an uninsured motor vehicle within the meaning of the State Farm policy. State Farm argues that the policy's uninsured motorist provision cannot be invoked because its policy only covers uninsured motor *vehicles,* not uninsured owners or operators. State Farm cites several recent Missouri Supreme Court and Missouri Court of Appeals decisions in support of the proposition that the focus of Missouri's uninsured vehicle statute, 379.203 R.S.Mo., is on uninsured *vehicles,* not uninsured owners or operators: *Williams v. MFA Mutual Insurance Company,* 660 S.W.2d 437 (Mo.App.1983); *Harrison v. MFA Mutual Insurance Company,* 607 S.W.2d 137 (Mo. en banc 1980); *McEwen v. Menees,* 680 S.W.2d 414 (Mo. App.1984); *Hoerath v. McMahan,* 669 S.W.2d 281 (Mo.App.1984). State Farm would further argue that the Mack vehicle was not an "uninsured motor vehicle" as defined by these cases.

Plaintiff argues that the Missouri cases that defendant cites are factually distinct from the case at bar and that the rationale underlying these decisions should result in the conclusion that the State Farm policy *does* provide coverage under the facts of the case at bar. Plaintiff further argues that the plain language of the policy provides for coverage in the instant case.

The cases that defendant cites are the progeny of the Missouri Supreme Court's en banc decision in *Harrison v. MFA Mutual Insurance Company,* 607 S.W.2d 137

(1980). *Harrison* involved a one-car accident in which the husband, who was the driver, was killed and the wife and daughter were injured. The vehicle's insurer denied coverage of the wife and daughter based on a "household member" exclusion in the policy. The wife and daughter, therefore, sued to recover under the policy's uninsured motorist provision. The plaintiffs in *Harrison* argued that because the vehicle was uninsured with respect to liability for their injuries, the uninsured motorist provision should apply. The wife and daughter further argued that if the policy excluded them from uninsured motorist coverage, the exclusion should be held ineffective as violative of public policy as set forth in § 379.203, R.S.Mo.

The Missouri Supreme Court found that the policy's definition of an "uninsured highway vehicle" specifically excluded the automobile described in the policy from coverage. *Harrison*, 607 S.W.2d at 140. The Court noted a similar holding by the Missouri Court of Appeals in *Miles v. State Farm Mutual Auto Ins. Co.*, 519 S.W.2d 378 (Mo.App.1975), and stated:

Neither the present case nor *Miles* involved a two vehicle accident, but we do not read *Miles* as requiring in a two vehicle accident no more than an inquiry whether any insurance applied to the second vehicle under any circumstances as determinative of whether the vehicle was "insured" or "uninsured" for the purposes of required uninsured motorist coverage. Whether a motor vehicle is insured or uninsured by liability coverage depends on whether the liability coverage is applicable under its terms and conditions in light of the specific circumstances of the vehicle's operation. The liability coverage is applicable if all conditions of the policy are met. Questions of applicability of liability insurance can be answered on the basis of events which precede an accident. For example, a liability policy is not applicable, and hence the vehicle is uninsured, where the automobile is driven by a thief or a non-permissive user, even though the automobile

in question is the described automobile of the liability policy.

*Harrison*, 607 S.W.2d at 140–41.

Like the *Harrison* case, the other cases that State Farm cites involve one-car collisions and/or attempts by the insured to overcome some exclusion in the policy by invoking an uninsured motorist provision. The instant case involved a two-car collision where the automobile whose driver was allegedly at fault was not insured whenever that driver sat behind the wheel. Unlike the plaintiffs in *Harrison, Hoerath*, 669 S.W.2d 281, and *McEwen*, 680 S.W.2d 414, plaintiff in the instant case does not rely on the uninsured motorist provision in her policy to overcome a "household exclusion" or, as in *Williams*, 660 S.W.2d 437, an exemption for passengers. Thus, this Court concludes that the facts of the cases that defendant cites differ significantly from the facts of the case at bar and that these cases are not sufficiently analogous to control the disposition of the case at bar.

*Harrison* does, however, provide a basis in its rationale for deciding the instant case. The above-quoted passage from *Harrison* suggests that whether a vehicle is considered "insured" or "uninsured" for the purposes of uninsured motorist coverage "depends on whether the liability coverage is applicable under its terms and conditions in light of the specific circumstances of the vehicle's operation". In *Martin v. State Farm Mutual Automobile Insurance Company*, 755 S.W.2d 638 (Mo. App.1988), Judge Satz suggests in a concurring opinion that the "determinative question" is "not only whether the alleged tort feasor had liability insurance at the time of the accident, but, also, if he had such insurance, whether his insurer is unwilling to provide liability coverage". *Id.* at 642.

In the case at bar, no question exists but that Safeco refused to provide coverage when Mack was driving. Furthermore, the State Farm policy clearly defines an "uninsured motor vehicle" as an automobile that is bonded for liability at the time of the accident, but "the insuring company denies coverage . . .". In addition, the State Farm

policy states that a vehicle qualifies for uninsured motor vehicle coverage if its "ownership maintenance or *use*" (emphasis added) is "not insured or bonded for bodily injury liability at the time of the accident". It is irrefutable that the Mack vehicle was not insured for Kevin Mack's "use".

This Court concludes that the Mack automobile unquestionably falls within the definition of "uninsured motor vehicle" as set forth by the Missouri courts in *Harrison* and its progeny and as reflected in the plain language of the State Farm policy. Accordingly, plaintiff's motion for summary judgment with respect to coverage under the uninsured motorist provision will be granted, and defendant's motion for summary judgment will be denied.