Dorothy VIESSMAN, Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Respondent.

No. 17502.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 21, 1992.

Motion for Rehearing or Transfer Denied
March 13, 1992.

Dan L. Birdsong, Charles Bennett, Thomas, Birdsong & Clayton, Rolla, for plaintiff-appellant.

Ronald R. McMillin, R. Max Humphreys, Carson & Coil, Jefferson City, for defendant-respondent.

PARRISH, Judge.

Dorothy Viessman (plaintiff) brought an action against Allstate Insurance Company (Allstate) for personal injuries that she allegedly sustained in an automobile accident. Plaintiff's claims were in two counts that sought recovery based upon uninsured motorist coverage included in an automobile insurance policy that Allstate had issued. Allstate filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted the motion. This court reverses and remands.

In considering whether a petition has stated a claim upon which relief can be granted, the facts pleaded are considered to be true. Plaintiff is also given the benefit of all fair inferences that may be gleaned from those facts. *Croley v. De-Witt*, 431 S.W.2d 657, 658 (Mo.App.1968). The facts, determined on that basis, follow.

Plaintiff was injured in a one-vehicle accident. She was a passenger in the automobile. The automobile was operated by plaintiff's husband, Donald Viessman. The accident occurred on October 27, 1984. At the time of the accident, plaintiff and her husband had a policy of automobile insurance issued by Allstate. The insurance policy covered the automobile that was involved in the accident in which plaintiff was injured and another automobile that plaintiff and her husband owned. Plaintiff submitted a claim to Allstate for personal injuries. Allstate denied the claim based

upon a household exclusion that was part of the policy it had issued.[1]

Plaintiff's claim against Allstate is based upon the particular language contained in the uninsured motorist coverage included in the policy of insurance in question. The policy[2] states, in pertinent part:

We will pay damages for bodily injury, ... which an insured person is legally entitled to recover from the owner or operator of an uninsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

. . . . .

Insured Persons
(1) You and any resident relative.
(2) Any person while in, on, getting into or out of your insured auto with your permission.

. . . . .

An uninsured auto is:

. . . . .

(3) a motor vehicle for which the insurer denies coverage, or the insurer becomes insolvent.

Plaintiff presents one point on appeal. She contends that the trial court erred in dismissing her claims against defendant based upon the uninsured motorist coverage "for failure to state a claim upon which relief could be granted, because the plain language of the uninsured motorist section of the insurance policy requires coverage." She argues that the policy language is distinguishable from policy language in other

---

1. The accident that is the basis for plaintiff's claim in this case occurred before the enactment or the effective date of the Motor Vehicle Safety Responsibility Law, §§ 303.010–.370, RSMo 1986. That law was enacted in 1986 and became effective July 1, 1987. As a result of the Motor Vehicle Safety Responsibility Law, the Supreme Court of Missouri recently declared that household exclusion clauses in automobile insurance policies are void with respect to the mandatory amounts of automobile liability insurance required by § 303.190.2, RSMo 1986. *See Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479, 482 (Mo. banc 1992). Since this case arose before the Motor Vehicle Safety Responsibility Law was enacted, it is not affected by the holding in *Halpin*.

2. The petition does not include a copy of the insurance policy in question. There is a copy of "Part V Uninsured Motorists Insurance Coverage SS" included in the legal file that is part of the record on appeal. Plaintiff's brief quotes what it characterizes as "relevant policy language" that appears to be taken from the policy that is included in the legal file. However, no page references are included in plaintiff's brief that reference that language to the policy in the legal file. Defendant has not questioned nor challenged the contents of the legal file. Neither has defendant challenged the language that is quoted in plaintiff's brief as "relevant policy language". For those reasons, this court considers the copy of the insurance policy included in the legal file to be from the automobile insurance policy that is the subject of this lawsuit.

cases in which similar claims have been denied.

As explained in *Rister v. State Farm Mut. Auto. Ins. Co.*, 668 S.W.2d 132, 134 (Mo.App.1984):

Section 379.203.1 mandates coverage for the protection of insureds "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." However, that statute does not fully define "uninsured motor vehicles." Nor does it fully declare the terms and conditions upon which uninsured motor vehicle insurance must be extended. In any given case, whether or not uninsured motor vehicle insurance is applicable, in the first instance, is a matter of construction of the insurance contract. *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137 (Mo. banc 1980). Appropriate rules for guidance in that construction are well established and will not be restated. *Kisling v. MFA Mutual Insurance Company*, 399 S.W.2d 245 (Mo.App.1966). It is sufficient to observe, "[w]here language in an insurance contract is unequivocal, it is to be given its plain meaning...." *Harrison v. MFA Mutual Ins. Co.*, supra, at 142. Or stated another way, "An uninsured motor vehicle is one which is not insured. When language is plain, straightforward and suspectible [sic] of only one meaning there is no room for judicial construction because there is nothing to construe." *Brake v. MFA Mutual Insurance Company*, 525 S.W.2d 109, 112 (Mo.App.), cert. denied 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 126 (1975).

Plaintiff argues that, by the plain language of the policy of insurance in this case, she is entitled to recover damages from defendant for her injuries. The brief[3] filed on behalf of plaintiff succinctly states her argument:

The relevant policy language is "we will pay damages for bodily injury, sickness, disease or death which an insured person is legally entitled to recover from the owner or operator of an uninsured auto." One of the definitions of "insured person" is "you and any resident relative." Thus, Dorothy Viessman is an insured person. One of the definitions of an "uninsured auto" is "a motor vehicle for which the insurer denies coverage." Allstate has denied coverage for the 1982 Ford LTD, and it is therefore an uninsured auto. Donald P. Viessman was the owner and operator of the 1982 Ford LTD at the time of the accident, and was thus the owner or operator of an uninsured auto.

Allstate answers plaintiff's argument by pointing out that the first step to invoke the uninsured motorist coverage is that the injury upon which a claim is based must have been "caused by accident and arise out of the ownership, maintenance or use of an uninsured auto." Allstate argues:

The parties admit that the motor vehicle in which [plaintiff] was injured did have an insurance policy in effect at the time of the accident but [plaintiff] seeks to invoke the third definition, to wit: "A motor vehicle for which the insurer denies coverage...." The first misconception which [plaintiff] urges on the Court is that the denial of her claim on the basis of the household exclusion clause makes the motor vehicle involved an uninsured motor vehicle, a proposition repeatedly rejected. *Harrison [v. MFA Mutual Ins. Co.*, 607 S.W.2d 137, 142 (Mo. banc 1980) ]; *Hussman v. Government Employees Ins. Co.*, 768 S.W.2d 585 (Mo.App.1989); *McEwen v. Menees*, 680 S.W.2d 414 (Mo.App.1984); *Hoerath v. McMahan*, 669 S.W.2d 281 (Mo.App. 1984); *Brannon v. Security Mut. Cas. Co.*, 610 S.W.2d 315 (Mo.App.1980).

Plaintiff answers that her appeal is an attempt to obtain a directive to the trial court "to enforce the plain language of the policy." She contends that the language in the policy that is before the court in this case is different from the language in the policies in the cases upon which Allstate

---

**3.** The attorneys representing both parties to this appeal are to be commended for submitting briefs that contained excellent arguments and for making well-reasoned oral arguments before this court.

relies. In a memorandum filed in the trial court that is included in the legal file now before this court, plaintiff compared "key policy provisions" in *Harrison v. MFA Mut. Ins. Co., supra,* a case relied upon by Allstate, with provisions in the policy that is to be construed in this case. Plaintiff compares the language in the policies as follows:

| | [This policy] | MFA (Harrison) |
|---|---|---|
| Coverage Clause: | Allstate will pay for damages ... which an insured person is legally entitled to recover from the owner ... of an uninsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. | MFA will pay ... All sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle. |
| Insured Person: | The insured, (Donald Viessman, deceased) and any resident relative (Plaintiff, Dorothy Viessman). | N/A |
| Owner: | Donald Viessman, deceased | N/A |
| Uninsured Auto: | ... (3) A motor vehicle for which the insurer denies coverage, or the insurer becomes insolvent. | (No similar provision) |
| Insurer | Not defined. | N/A |
| Exclusions: | Not applicable. (Does not have an exclusion similar to MFA's in Harrison) | An uninsured highway vehicle is defined to exclude an insured automobile or highway vehicle furnished for the regular use of the named insured, his spouse or a relative. |

Plaintiff contends: "Filling in the terms of the policy with the specifics of this case, ... Allstate agreed to 'pay damages for bodily injury, sickness, disease or death which Dorothy Viessman is legally entitled to recover from Donald P. Viessman.'" The difference between the holding in *Harrison,* under the plain language of the policy, and the correct result in this case, according to plaintiff's interpretation, occurs because the policy in *Harrison* has language that excludes "an insured automobile ... furnished for the regular use of the named insured." Plaintiff argues that this language, in *Harrison,* excluded the injuries sustained by a passenger in the car that the *named* insured in the automobile policy was operating—an insured automo-

bile furnished for the regular use of the named insured—from the coverage provided by the uninsured motorist provision in the policy. Because there is no such exclusion in the policy in this case, plaintiff argues that the injuries she sustained are covered by its uninsured motorist coverage. *See Harrison,* 607 S.W.2d at 141–42.

The language in the other cases upon which Allstate relies is similar to that in *Harrison,* i.e., the plain language of the policies in those cases excluded coverage to the particular claimants. In *Hussman v. Government Employees Ins. Co., supra,* the policy language "provided uninsured motorist protection but specifically excluded an insured automobile from being de-

fined as an uninsured automobile." 768 S.W.2d at 588.

In *McEwen v. Menees, supra,* Thomas McEwen was killed as a result of an automobile collision involving a 1967 Volkswagen, in which Thomas was a passenger, owned by his father and operated by a third person. The child's parents could not recover on a wrongful death claim directed to uninsured motorist coverage in effect at the time of the accident because "the policy specifically excluded appellants' 1967 Volkswagen from coverage as an uninsured automobile." 680 S.W.2d at 416.

In *Hoerath v. McMahan, supra,* Elsie Hoerath was a passenger in an automobile that was involved in an accident. The car in which Elsie was a passenger was owned by Elsie's mother and was operated by Elsie's friend, Kenneth McMahan. Elsie's mother sought recovery for Elsie's medical expenses and for loss of Elsie's services and wages. She sought to recover those damages based upon her uninsured motorist coverage because the "automobile was uninsured as to them" by reason of a household exclusion in the policy. 669 S.W.2d at 283. Recovery was denied because the "policy stated, ... that '[a]n uninsured motor vehicle does *not* include a land motor vehicle ... *insured under the coverage of this policy.*'" *Id.*

And in *Brannon v. Security Mut. Cas. Co., supra,* a passenger in an automobile sought to recover for personal injuries sustained when the automobile was involved in a collision with another vehicle. The passenger sought recovery based upon uninsured motorist coverage on the automobile in which she was a passenger. The court found that the passenger was not entitled to recover due to the language in the policy of insurance. The court held, in *Brannon:*

> An "uninsured motor vehicle" is defined in the policy to exclude "an 'insured automobile' or an 'automobile furnished for the regular use of the named insured or for any person resident in the same household who is related to the named insured by blood, marriage or adoption' ..." An "insured motor vehicle" is defined to mean "an 'owned automobile'

while being used by or with permission of the named insured ..." The named insured "includes the spouse, if a resident of the same household ..." An "owned automobile" is "a private passenger ... automobile described in this policy ..." By policy definition, then, the Brannon 1971 Volkswagon [sic], as the "owned automobile" was being driven with the permission of the "named insured," plaintiff Mrs. Brannon. Thus it was not an "uninsured motor vehicle" rather it was an "insured automobile."

610 S.W.2d at 317. The passenger was "ineligible to recover damages under the 'uninsured motorist insurance' section of the policy." *Id.* Similar policy language excluding coverage under uninsured motorist provisions was found in *Dairyland Ins. Co. v. Hogan,* 605 S.W.2d 798, 800 (Mo. banc 1980), and in *Miles v. State Farm Mut. Auto. Ins. Co.,* 519 S.W.2d 378, 379 (Mo.App.1975).

Construing the plain language of the contract, it is apparent that the policy provisions in the insurance policy before the court in this case differ from those in the cases cited by Allstate. The language of this policy does not include an exclusion that denies plaintiff coverage under the uninsured motorist provision of the policy. Both parties to this action agree the policy is unambiguous. As such it will be enforced as written. The order of the trial court dismissing plaintiff's claims based upon the uninsured motorist coverage is reversed. The case is remanded.

PREWITT, P.J., and CROW, J., concur.