

# Missouri Court of Appeals

## Southern District

### Division One

ROY L. WISE, )
)
      Plaintiff-Appellant, )
)
v. )
)
BRENT R. THORNHILL, ) No. SD33715
) Filed: 12-31-15
      Defendant, )
)
and SAVERS PROPERTY & CASUALTY )
INSURANCE CO., )
)
      Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Jack A. L. Goodman, Circuit Judge

### **AFFIRMED**

This appeal arises out of a lawsuit filed by Roy Wise (Wise) against Brent Thornhill (Thornhill) and Savers Property and Casualty Insurance Company (Savers) to recover damages resulting from a single-vehicle accident. The first amended petition alleged that: (1) Thornhill's negligent operation of a fire truck injured his co-employee, Wise; and (2) the uninsured motorist (UM) benefits in Savers' policy provided coverage for Wise's damages. The trial court decided Savers' policy provided no UM coverage for

the accident. The court granted summary judgment to Savers, and the claim against Thornhill was voluntarily dismissed without prejudice. This appeal followed.

Wise argues that the trial court misapplied the law because Savers' policy does provide UM coverage of his claim. We disagree and affirm.

**Factual and Procedural Background**

Both parties agree that this case presents a question of law arising from the following undisputed facts. Thornhill and Wise were co-employee members of the Halltown Volunteer Fire Department (hereinafter referred to as Employer). On June 7, 2011, Thornhill was driving a fire department truck in his capacity as a volunteer fireman, and co-employee Wise was a passenger in that vehicle. The truck ran off the road and overturned, causing serious bodily injuries to Wise. The workers' compensation insurer for Employer paid approximately $100,000 in benefits to Wise.

At the time of the accident, the fire truck was insured via a business auto policy issued by Savers. Employer was named insured on the policy. Wise made a claim against the liability coverage of Employer's policy, which was denied by Savers based upon: (1) the Employee Indemnification and Employer's Liability exclusion; (2) the Fellow Employee exclusion; (3) the Injury to Volunteer Firemen exclusion; and (4) the Emergency Services – Volunteer Firefighters' and Workers' Injuries exclusion.[1]

Wise then made a claim under the UM coverage of Employer's policy. The coverage provision stated that Savers would pay all sums the insured was legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle. In relevant part, the UM coverage defined an uninsured motor vehicle as one

---

[1] There is no dispute that one or more of these provisions preclude Wise from the scope of the liability coverage of Employer's policy.

2

"for which no … policy … provides at least the amounts required by the applicable law" or "[f]or which an insuring … company denies coverage[.]"

Wise and Savers each filed a motion for summary judgment. The trial court made the following ruling:

> [T]he relevant inquiry in this case to determine if uninsured motorist coverage shall be extended under the facts and policy at issue is whether the fire truck was insured, despite exclusions of coverage under specific facts. In this case, although this insurance policy purchased by the [Employer] fire department did not provide coverage for [Wise's] injuries sustained in the course of his service while the fire truck was driven by Defendant Thornhill, his fellow firefighter, coverage clearly existed for the fire truck. Therefore, this court, in accordance with Missouri law and precedent, must and hereby does deny Plaintiff's Motion for Summary Judgment … and sustain Defendant Savers Motion for Summary Judgment on its Counterclaim.

This appeal by Wise followed.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); ***ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.***, 854 S.W.2d 371, 381-82 (Mo. banc 1993).[2] Whether Savers' policy provides UM coverage to Wise involves the interpretation of an insurance policy, which is a question of law that an appellate court reviews *de novo*. ***Shelter Mut. Ins. Co. v. Bedell***, 459 S.W.3d 524, 526-27 (Mo. App. 2015).

## Discussion and Decision

Wise contends the trial court misapplied the law by granting Savers' motion for summary judgment. Wise argues that, after Savers denied coverage, the fire truck met

---

[2] All rule references are to Missouri Court Rules (2015). All statutory references are to RSMo (2000) unless otherwise indicated.

the policy's definition of an uninsured motor vehicle. Wise relies upon *Viessman v. Allstate Insurance Company*, 825 S.W.2d 349 (Mo. App. 1992), to support his argument. Savers, on the other hand, argues that *Seymour v. Lakewood Hills Association*, 927 S.W.2d 405 (Mo. App. 1996), is controlling because: (1) it involved the same type of policy exclusions at issue here; (2) the policy in *Seymour* used identical language to define an uninsured motor vehicle; and (3) the *Seymour* court distinguished *Viessman* because that case involved a household exclusion. We agree with Savers and affirm.

In *Viessman*, Mrs. Viessman was a passenger in a car being driven by her husband. She was injured in a single-vehicle accident. The Viessmans' insurer, Allstate, denied liability coverage based upon a household exclusion.[3] The definition of an uninsured motor vehicle in Allstate's UM coverage included "a motor vehicle for which the insurer denies coverage[.]" *Viessman*, 825 S.W.2d at 350. Allstate denied Mrs. Viessman's claim for UM coverage. On appeal, this district held that Mrs. Viessman was entitled to UM coverage because Allstate's policy did not contain language excluding a vehicle insured under the liability coverage from the definition of an uninsured motor vehicle. *Id*. at 353.

In *Seymour*, Reliable Garbage Disposal, Inc. (Reliable) owned a garbage truck used in its business. Ohio Casualty issued an automobile insurance policy covering the garbage truck. The liability coverage of the policy contained a fellow employee exclusion. The UM coverage defined an uninsured motor vehicle to include one "[f]or

---

[3] In *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992), household exclusions were partially invalidated, as contrary to public policy, up to the mandatory limits of automobile liability insurance required by § 303.190.2 RSMo (1986).

which an insuring or bonding company denies coverage or becomes insolvent." *Seymour*, 927 S.W.2d at 408. Seymour and Marchbanks were employees of Reliable. Seymour was injured when the garbage truck, being driven by co-employee Marchbanks, struck a tree. Ohio Casualty denied liability coverage for Marchbanks. Seymour then claimed the denial of coverage entitled him to UM coverage because the garbage truck met the policy definition of an uninsured motor vehicle. The trial court determined that the garbage truck was not an uninsured motor vehicle, and Seymour appealed. *Id*. at 407-08.

The eastern district of this Court affirmed the trial court's judgment. The *Seymour* court first noted that, "[i]n determining what constitutes an uninsured motor vehicle, the focus is on the vehicle and not whether the driver is uninsured under the circumstances of any particular accident. An uninsured motor vehicle is one which is not insured." *Id*. at 408 (internal citation omitted). Because the garbage truck was insured by a liability policy at all relevant times, it was an insured vehicle "even though Seymour's status as a fellow employee of Marchbanks prevents his recovery under the policy." *Id*. The *Seymour* court also noted that the fellow employee exclusion was authorized by § 303.190.5.[4] "[I]f we were to hold that Seymour should fall within uninsured motorist coverage, the effect would be to nullify the fellow employee exclusion from liability coverage, giving the insured protection he did not bargain for." *Seymour*, 927 S.W.2d at 408. The *Seymour* court distinguished *Veissman* for the following reasons:

---

[4] In relevant part, this subsection of the statute states that "[s]uch motor vehicle liability policy need not insure any liability pursuant to any workers' compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured …." *Id*.

Seymour maintains that because the Ohio Casualty policy, too, did not contain a specific exclusion for the garbage truck, following the reasoning of *Viessman*, the denial of coverage based on the fellow employee exclusion makes the truck an uninsured motor vehicle. While persuasive in the household exclusion situation where recovery outside the policy is futile since it must inevitably come to the injured party from the resources of his own household, this result loses its appeal in the context of a fellow employee exclusion. The purpose underlying this exclusion has been stated or recognized to be that of distinguishing the employer's liability to his employees from that of his liability to the general public, thereby relieving the employer of the onerous requirement of insuring his employees under his public liability insurance policy, such employees being already protected by the worker's compensation statutes. As we noted above, the logical result of holding that uninsured motorist benefits are applicable to Seymour would be to abrogate the fellow employee exclusion from the liability coverage of the policy. This would place a double burden on the employer and provide a double benefit to plaintiffs like Seymour. Such could not have been the intent of the legislature in enacting § 379.203, as § 303.190.5 expressly approves the fellow employee exclusion in liability policies. Although the uninsured motorist provision of the policy here, as in *Viessman*, did not include a specific exclusion for the vehicle involved, that omission cannot justify interpretation of the denial of coverage clause so as to invalidate the agreement of the parties that fellow employees injured on the job are not covered by the policy. Requiring uninsured motorist coverage in the household exclusion context may provide the only recovery possible for a party injured by the tortious act of a family member. In the fellow employee exclusion situation, however, uninsured motorist benefits would merely provide double benefits and burdens.

*Seymour*, 927 S.W.2d at 409 (internal citation omitted). We agree with that reasoning.

Because *Seymour* supports the trial court's ruling here and *Viessman* is distinguishable, we deny Wise's point and affirm the judgment.


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR